Argued and submitted December 17, 1998, vacated in part; remanded for resentencing August 4, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# JOHN KURT KAPPELMAN,
*Appellant.*

## (Z411805; CA A102200)

986 P2d 603

Garrett A. Richardson argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

Defendant appeals his conviction of failure to perform the duties of a driver when property is damaged in a motor vehicle accident. ORS 811.700.[1] Following defendant's guilty plea, the trial court suspended imposition of sentence and placed defendant on probation. As conditions of his probation, the trial court ordered that the defendant pay $2,000 in restitution and a $350 compensatory fine to the victim. We agree with defendant that, on the record before us, the restitution was erroneously imposed. We also agree that a compensatory fine is not statutorily authorized in this circumstance. We vacate the restitution award and the compensatory fine, and we remand for further proceedings.

Defendant was involved in a traffic accident and was cited for failure to perform the duties of a driver when property is damaged, commonly termed "hit and run." Defendant entered a guilty plea, admitting that he left the accident scene without giving the other driver his license, insurance, or registration information. The trial court entered a judgment of conviction, suspended imposition of sentence, and imposed a $350 fine. At defendant's request, the trial court scheduled a restitution hearing for a later date.

At the restitution hearing, defendant objected to restitution on the ground that he did not cause the accident. To establish that fact, defendant requested an opportunity to present evidence.[2] The court invited the prosecutor to recite the facts contained in the police report. The prosecutor summarized the report, indicating that the victim told the police that defendant caused the accident when he backed his car out of a parking space and into the victim's car.[3] The prosecutor also related the defendant's account of the accident,

---

[1] ORS 811.700 requires a driver of a car involved in an vehicle accident that results in property damage to stop and exchange specified information with the other driver.

[2] The issue of defendant's ability to contest the causation question arose when defendant moved to have the hearing reset so he could call other witnesses to testify as to the cause of the accident. The trial court denied the continuance based only on its conclusion that defendant was not entitled to put on proof on the causation question.

[3] The police report was not made a part of the record. The state urges that if the contents of the police report prove dispositive in resolving defendant's challenge, we should hold any deficit in the record against defendant, as the appealing party.

which was that the victim's car hit defendant's while defendant was pushing his car through the parking lot. After the prosecutor's summary of the competing accounts from the police report, the trial court ruled that defendant could not present evidence on the question of who caused the accident. The trial court reasoned that defendant, by pleading guilty, admitted the version of facts in the police report that indicated that he caused the accident. Accordingly, the trial court precluded defendant's presentation of any further evidence on the point:

> "I don't think [the evidence is] relevant. He pleaded guilty based on the facts that are in the police report. Your argument is that the way the statute, 811.706, is written, he's still got an argument to make that he didn't cause it in the sense that he's going to be liable for restitution. I'm rejecting that argument based on his guilty plea. I'm not making a decision that he did something to cause this damage. I'm saying that because he pleaded guilty with the facts as recited * * * in the police report, he has to accept that responsibility along with the other responsibilities of pleading guilty."

Following that ruling, the trial court determined the amount of the damage to the victim's car ($2,415) and entered an order requiring defendant to pay $2,000 restitution. The trial court also converted the previously imposed $350 fine to a compensatory fine. ORS 137.101.

On appeal, defendant challenges both the restitution award and the imposition of the compensatory fine. As to the restitution award, defendant argues that the trial court's authority to make the award depended on its determination that defendant caused the accident, which in turn required the court to permit defendant to present evidence on the point. As to the compensatory fine, defendant argues that such an award is not statutorily authorized in this circumstance. We address each argument in turn.

---

Alternatively, the state argues that we should remand to have the report included in the record. We do not consider the contents of the report dispositive at this juncture, so we need not decide the consequences, if any, of the fact that the police report was summarized on the record for the court, rather than placed in the record.

Before 1995, the general statute governing restitution in criminal cases, ORS 137.106(1), provided the only source of authority for ordering restitution following a hit-and-run conviction. The statute authorizes restitution only for pecuniary damages that "result" from a person's "criminal activities," thus requiring a causal nexus between the crime and the damages. In a hit-and-run case, the "criminal activity" is leaving the scene without providing information or assistance; neither involvement in the accident nor causing the accident is a criminal act. As a result, in a prosecution under ORS 811.700, damages that result from the accident, rather than from the "criminal activity" of failing to provide the required information, cannot be awarded as restitution under ORS 137.106(1). *State v. Eastman/Kovach*, 292 Or 184, 189-90, 637 P2d 609 (1981).[4]

In 1995, the legislature expanded a trial court's restitution authority in hit-and-run prosecutions by enacting ORS 811.706, which provides:

"When a person is convicted of violating ORS 811.700[5] or 811.705, the court, in addition to any other sentence it may impose, may order the person to pay an amount of money equal to the amount of any damages caused by the person as a result of the incident that created the duties in ORS 811.700 or 811.705."

Stated simply, if a defendant convicted of hit and run "caused" the accident, then the defendant may be ordered to pay restitution for damages resulting from the accident. The 1995 enactment thus conferred on trial courts the restitution authority that *Eastman/Kovach* held was lacking in ORS 137.106(1).

---

[1] ORS 811.700 was codified as ORS 483.604 when *Eastman/Kovach* was decided, a change that does not affect the analysis. *See former* ORS 483.604 (1979); *State v. Gray*, 113 Or App 552, 883 P2d 341 (1992) (applying *Eastman/Kovach* to recodified version of hit-and-run statute pertaining to accidents involving personal injury).

[5] ORS 811.705 is the hit-and-run statute pertaining to accidents that involve personal injury rather than just property damage. In addition to the duties imposed on drivers when property damage results, drivers in an accident involving injury or death must perform other responsibilities, such as rendering assistance and remaining at the scene until a police officer arrives.

The parties are in basic agreement on the effect of the 1995 statute. That is, they agree that the statute authorizes a trial court to impose restitution in a hit-and-run prosecution for property and other damages sustained in the accident. They also agree that, as a predicate to ordering restitution for accident-related damages, a trial court must find that the defendant caused the accident. The parties disagree, however, on whether the trial court made the necessary factual determination in this case.

■■   The state argues that "based on the plea of guilty, along 'with the facts as recited by [the prosecutor] in the police report,' the trial court found that defendant had caused the property damage for purposes of restitution." To the contrary, the trial court viewed itself as legally *foreclosed* from making a factual determination on the point, evidently viewing defendant's guilty plea as a binding admission of the facts contained in the police report.[6] In that regard, the trial court was wrong. A guilty plea implicitly admits all facts necessary to support the material elements of a charge. *See State v. Hetland*, 31 Or App 529, 534, 570 P2d 1201, *rev den* 280 Or 683 (1977), *cert den* 436 US 909 (1978); *Richardson v. Willard*, 241 Or 376, 378, 406 P2d 156 (1965) ("plea of guilty * * * was a judicial admission of all the material allegations of the indictment in a most indisputable form"). Necessarily, then, defendant's guilty plea, in and of itself, was an admission only that he was involved in an accident that resulted in property damage and that he did not perform all of the duties that the statute requires. It was not an admission of any facts that went beyond the essential elements of the charge—*e.g.*, those contained in the police report supporting a conclusion that the accident was defendant's fault.

Nor is there any other admission in this record that would bind defendant and preclude him from contesting his fault in the accident. Defendant made no express representations, during either the plea proceedings or the restitution hearing, that would amount to an admission that he caused

---

[6] Indeed, in addition to the trial court's ruling set out above, at one point in the colloquy the trial court stated: "I don't think it's [*i.e.*, a determination of whether defendant caused the accident] up to me once he's pleaded guilty with that set of facts in the police report."

the accident. Moreover, in the portion of the plea petition that required defendant to provide the factual basis for the plea, he stated only that he was involved in the accident in question and that he did not give the other driver his license, insurance, and registration information. He related no facts concerning how the accident occurred. *See State v. Boswell*, 52 Or App 535, 538, 628 P2d 763, *rev den* 291 Or 419 (1981) (where plea petition admitted basis for restitution, trial court could award restitution beyond that supported by the conviction itself).

■ In sum, the trial court incorrectly concluded that defendant's guilty plea was a binding admission that he caused the accident. The trial court therefore erroneously entered restitution for damages to the victim's car without permitting defendant to present evidence on the issue and without making a finding that defendant caused the accident.[7] We agree with the state that, contrary to defendant's position, the appropriate remedy is to remand the case to the trial court for consideration of the evidence related to causation and to resentence defendant accordingly. *See State v. Lefthandbull*, 306 Or 330, 334, 758 P2d 343 (1988) and *State v. Larrance*, 151 Or App 519, 950 P2d 937 (1997); *see also* ORS 138.222(5).

Defendant also challenges the trial court's imposition of a $350 compensatory fine, arguing that it was not statutorily authorized. In raising that challenge, defendant acknowledges that the issue was not preserved below but urges us to reach it as plain error. ORAP 5.45(2). *See generally Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (outlining standards for plain error doctrine).

■ We agree that imposition of the compensatory fine was both error and plain error In *State v. Gray*, 113 Or App

---

[7] The state argues that, even if defendant was entitled to contest the issue of causation, he has failed to preserve the issue because he did not make an offer of proof as to what evidence he would present. Under the circumstances, however, a more specific offer of proof was not necessary. The trial court did not rule that particular evidence bearing on causation was irrelevant or inadmissible. Rather, the trial court concluded that *any* evidence relating to causation was irrelevant because defendant's guilty plea was binding on the point. Given the categorical nature of the trial court's ruling, defendant adequately preserved the issue. *State v. Olmstead*, 310 Or 455, 460-61, 800 P2d 277 (1990).

552, 883 P2d 341 (1992), we held that the compensatory fine statute (ORS 137.101) requires a causal nexus between the criminal act and the victim's injury or loss, thus precluding imposition of a compensatory fine in a hit-and-run case for losses arising from the accident. *Id*. at 555. Although the legislature responded to *Eastman / Kovach* in 1995 by broadening a trial court's restitution authority, it has not expanded the court's compensatory fine authority. Thus, it remains true that a trial court cannot impose a compensatory fine in a hit-and-run prosecution for injuries or losses resulting from the accident as opposed to those resulting from the defendant's failure to perform the statutorily imposed duties.

We also reached the challenge to the compensatory fine in *Gray* as error apparent on the face of the record. *Id*. Under other circumstances, we might accept the state's invitation to distinguish *Gray* based on the significantly smaller fine imposed in this case (here, $350; in *Gray*, $25,000) and on the fact that this particular compensatory fine could have been included in the restitution award, which was $415 less than the amount of the victim's property loss. However, the factual predicate for the restitution award is, at present, lacking, and the case must be remanded to the trial court for consideration of the evidence related to causation and to resentence defendant accordingly. Because of the compound nature of the errors, reaching the compensatory fine error does not significantly alter our disposition; it merely permits the trial court properly to impose the same amount as restitution if the court determines that defendant caused the accident. Accordingly, we exercise our discretion to consider defendant's challenge in this instance.

Compensatory fine and order of restitution vacated; remanded for resentencing.