Submitted on record and briefs November 27, remanded for resentencing;
otherwise affirmed December 26, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SHANE MICHAEL MORRIS,
aka Shane Morris,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF040633; A129026

174 P3d 1127

Daniel J. Casey filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant was convicted of one count of first-degree sodomy, ORS 163.405, and three counts of first-degree sexual abuse, ORS 163.427. On appeal, he challenges (1) the trial court's admission of certain evidence pertaining to the victim's complaints of abuse and (2) the imposition of a compensatory fine of $5,000 payable to the victim. We reject without discussion defendant's evidentiary arguments. With respect to the imposition of the compensatory fine, we determine that, although defendant's present challenge was not raised and preserved before the trial court, the imposition of the compensatory fine was error apparent on the face of the record, ORAP 5.45(1), and we exercise our discretion to correct it. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991); *see also State v. Fults*, 343 Or 515, 173 P3d 822 (2007) (addressing proper application of considerations bearing on positive exercise of *Ailes* discretion). Accordingly, we affirm defendant's convictions but remand for resentencing.

On appeal, defendant contends that the imposition of a compensatory fine was erroneous because the record in this case contains no evidence of pecuniary loss supporting the imposition of such a fine. *See State v. Donahue*, 165 Or App 143, 146, 995 P2d 1202 (2000) (vacating imposition of compensatory fine and remanding for resentencing where evidence did not establish that the victim "had incurred or would incur pecuniary harm"). Defendant acknowledges that his present claim of error may not have been adequately preserved before the trial court. Nevertheless, defendant invokes *State v. Kappelman*, 162 Or App 170, 176-77, 986 P2d 603 (1999), in which we reviewed and corrected the same species of unpreserved error as error apparent on the face of the record. *See id.* at 177 (deeming imposition of compensatory fine to be plain error where "the factual predicate for the restitution award is, at present, lacking").

The state responds that we should revisit *Kappelman*— and that we should, consistently with the fundamental prudential purposes of the preservation requirement, either

materially distinguish or repudiate our analysis and disposition there. In that regard, the state points out that, if defendant had timely raised his present objection and the state had been unwilling or unable to adduce evidence of pecuniary loss, "the [trial] court could easily have imposed the fine as a straight fine rather than one payable to the victim."

We decline the state's invitation. To be sure, as the state suggests, if defendant had raised his present objection before the trial court, error might well have been avoided. But that is true in many "plain error" cases—indeed, in virtually all such cases except for those in which the claim of error is based on an intervening, post-judgment change in the law. *See generally State v. Jury*, 185 Or App 132, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003).

██ Our decision as to whether to exercise our *Ailes* discretion depends on a variety of factors, including not only "how the error came to the court's attention," *Ailes*, 312 Or at 382 n 6, but also the competing interests of the parties, the nature of the case, and the gravity of the error. *Id.* Here, we affirmatively exercise our discretion to correct the error because it has some gravity, given the amount of the fine ($5,000), and because other considerations do not substantially militate against the exercise of discretion.[1] If, on remand, the state adduces evidence at the resentencing hearing of pecuniary loss to the victim, the trial court remains free to impose an appropriate compensatory fine commensurate with that evidence. Further, if the state is unable to present evidence of pecuniary loss, given the omnibus nature of the remand, *see* ORS 138.222(5), the trial court remains free to consider other appropriate sanctions.

Remanded for resentencing; otherwise affirmed.

---

[1] For example, here, unlike in *Fults*, the record does not disclose any "apparent encouragement of the judge's choice" by defendant. 343 Or at 523. Nor, on this record, do we discern any substantial "possibility that defendant made a strategic choice" not to object to the imposition of the compensatory fine. *Id.* Finally, even if, as the state asserts, the trial court could have imposed a *different* sanction (*viz.*, a noncompensatory fine) if defendant had timely raised his present objection, that does not demonstrate that "had the matter been called to the judge's attention," *id.* at 523 n 5, the trial court could, and would, have lawfully imposed *this* sanction.