Argued and submitted September 27, 2010, affirmed June 1, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANDREW LEE BASSETT,
*Defendant-Appellant.*

Multnomah County Circuit Court
071052183; A142580

259 P3d 953

Kenneth A. Kreuscher, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Pamela J. Walsh, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Landau, Judge pro tempore.

HASELTON, P. J.

HASELTON, P. J.

Defendant pleaded guilty to one count of failure to perform the duties of a driver when property is damaged, ORS 811.700,[1] and related crimes, arising from an incident in which defendant collided with an unmarked police cruiser, damaging the vehicle and injuring the driver. He appeals from a supplemental judgment ordering him to pay restitution pursuant to ORS 811.706 for the driver's medical expenses.[2] Defendant contends that, because he was convicted of failure to perform the duties of a driver when property is damaged, ORS 811.700—as opposed to the "personal injury" variant of the failure to perform the duties of a driver statute, ORS 811.705—the trial court erred by imposing restitution related to the officer's medical expenses. As explained below, we conclude that defendant is liable under ORS 811.706 for the medical expenses and, consequently, affirm.

The material facts are uncontroverted. On September 28, 2007, defendant, who had been drinking, crashed his car into an unmarked police car being driven by Officer Martinez and then drove away from the accident. Martinez followed and stopped defendant. Defendant was charged with one count of driving under the influence of intoxicants (DUII), ORS 813.010; one count of reckless driving, ORS 811.140; one count of failure to perform the duties of a driver when property is damaged, ORS 811.700; and "offensive physical contact prohibited," an offense under the Portland City Code. Defendant ultimately pleaded no contest to the DUII count and guilty to the counts for reckless driving and failure to perform the duties of a driver under ORS 811.700. The count for "offensive physical contact prohibited" was dismissed.

---

[1] As relevant here, ORS 811.700 requires a driver involved in an accident resulting in damage to another vehicle to stop and provide specific information to the driver of the other vehicle.

[2] Defendant also appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), but raises no error pertaining to that judgment. Defendant does not appeal from his judgment of convictions for failure to perform the duties of a driver or reckless driving.

Martinez suffered personal injuries in the accident. At the restitution hearing on the conviction for failure to perform the duties of a driver, the state offered evidence that Martinez's workers' compensation insurance company had paid $11,345.31 to cover medical expenses Martinez had incurred as a result of the accident. Based on that evidence, the trial court issued a supplemental judgment ordering defendant to pay restitution in the amount of $11,345.31. Defendant objected, contending that, because he pleaded guilty to the crime of failure to perform the duties of a driver when property is damaged, he could not be liable for restitution to cover costs associated with personal injuries. The trial court disagreed, and defendant timely appeals the supplemental judgment.

The governing statutory scheme provides necessary context for understanding the parties' arguments. Three statutes are central to those arguments and to our analysis. The first two, ORS 811.700 and ORS 811.705, define the duties of a driver who has been involved in a motor vehicle accident that results in injury to persons or property—and the third, ORS 811.706, governs restitution for violations of those statutes.[3] ORS 811.700, under which defendant was convicted in this case, provides, in material part:

"(1)   A person commits the offense of failure to perform the duties of a driver when property is damaged if the person is the driver of any vehicle and the person does not perform duties required under any of the following:

"(a)   If the person is the driver of any vehicle involved in an accident that results only in damage to a vehicle that is driven or attended by any other person the person must perform [certain enumerated duties.]"

ORS 811.700 is a Class A misdemeanor. ORS 811.700(2). ORS 811.705 parallels ORS 811.700, but applies when the accident results in injury to a person or in a person's death and, depending on the severity of the personal injuries, is a Class B felony. That statute provides, in part:

---

[3] An additional statute, ORS 811.710, applies when an accident results in injury to a domestic animal and is a Class B violation.

> "(1)  A person commits the offense of failure to perform the duties of a driver to injured persons if the person is the driver of any vehicle involved in an accident that results in injury or death to any person and does not do all of the following [enumerated duties.]"

Finally, ORS 811.706, which governs restitution for violations of ORS 811.700 or ORS 811.705, provides:

> "When a person is convicted of violating ORS 811.700 or 811.705, the court, in addition to any other sentence it may impose, may order the person to pay an amount of money equal to the amount of any damages caused by the person as a result of the incident that created the duties in ORS 811.700 or 811.705."

The gravamen of defendant's position on appeal is that a court's ability to order restitution under ORS 811.706 is circumscribed, and limited, by the nature of the underlying conviction. Thus, defendant posits:

> "When a person is convicted of failing to perform the duties of a driver when *property* is damaged under ORS 811.700, a trial court may order the person to pay an amount of money equal only to the amount of any *property* damages caused by the person as a result of the incident that created the duties."

(Boldface omitted; emphasis in original.) Concomitantly, in defendant's view, a court cannot order restitution under ORS 811.706 for costs related to *personal injuries*, such as medical expenses, that resulted from an accident in which the defendant failed to perform the duties of a driver, unless the defendant has been convicted under ORS 811.705. Because the latter did not occur here, defendant concludes, the trial court erred in imposing restitution related to Martinez's medical expenses.

In support of that contention, defendant invokes our discussion of ORS 811.706 in *State v. Hval*, 174 Or App 164, 177-78, 25 P3d 958, *rev den*, 332 Or 559 (2001).[4] According to defendant, *Hval* holds that, when a defendant is convicted

---

[4] Although we recently disavowed a portion of our reasoning in *Hval*, *see State v. Hamlett*, 235 Or App 72, 80, 230 P3d 92 (2010), that decision does not affect our analysis in this case.

under ORS 811.700, restitution under ORS 811.706 is limited to "the vehicular or other forms of adjacent property damage," *Hval*, 174 Or App at 178, to the exclusion of any damages for personal injuries that also may have occurred.

The state counters that *Hval* does not control the issue presented in this case and that the plain language of ORS 811.706, when considered in context, "allows a trial court to order restitution for all types of damage that might arise from an automobile accident." The state further argues that defendant misapprehends *Hval* and that the upshot of our discussion there is that, because a defendant may be culpable under ORS 811.700 for accidents that result both in property damage *and* physical injuries, a defendant's restitution liability under ORS 811.706 for a violation of ORS 811.700 properly encompasses both types of damages.

We return to the text of ORS 811.706 and the context of that statute, including prior judicial constructions of the statute. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993); *State v. Rocha*, 233 Or App 1, 5, 225 P3d 45 (2009), *rev den*, 348 Or 461 (2010) ("Prior construction of a statute by this court is always relevant to our textual analysis.").

Again, ORS 811.706 provides:

> "When a person is convicted of violating ORS 811.700 or 811.705, the court, in addition to any other sentence it may impose, may order the person to pay an amount of money equal to the amount of *any damages caused by the person as a result of the incident that created the duties in ORS 811.700 or 811.705.*"

(Emphasis added.) The statute, by its terms, limits the scope of restitution in two respects: Recoverable damages must not only have been "caused by" the defendant, but must also have been "as a result of the incident" that gave rise to obligations prescribed in ORS 811.700 or ORS 811.705. *See generally State v. Kappelman*, 162 Or App 170, 174, 986 P2d 603 (1999) ("[I]f a defendant convicted of hit and run 'caused' the accident, then the defendant may be ordered to pay restitution for damages resulting from the accident."). Further, the use of the disjunctive "or" in the phrase "the incident that created

the duties in ORS 811.700 *or* ORS 811.705" indicates that the scope of restitution does not hinge on whether the defendant violates ORS 811.700 or violates ORS 811.705. In other words, the unambiguous statutory text permits imposition of restitution for "*any* damages" that the defendant "caused * * * as a result of the incident," irrespective of whether the defendant is convicted under ORS 811.700 or ORS 811.705 or both of those statutes.[5]

So much for plain meaning—and nothing in related statutory context or the barren legislative history[6] contradicts that understanding of the proper scope and application of ORS 811.706. But for *Hval*, that would end the matter. As noted, however, defendant contends that our treatment of ORS 811.706 in *Hval* precludes an award of personal injury-related restitution where, as here, a defendant has been convicted under ORS 811.700, and not ORS 811.705. Given the centrality of *Hval* to the parties' positions, we address that case in some detail.

In *Hval*, the defendant crashed his car into another vehicle and left the scene of the accident without providing any information to the driver of the other vehicle. 174 Or App at 166. The driver's car was damaged, and the driver also sustained injuries in the accident. *Id.* A jury convicted the defendant of failing to perform the duties of a driver when property is damaged under ORS 811.700. Following that conviction, the trial court ordered the defendant to pay the driver $500 in "restitution" to cover the insurance deductible that the driver paid towards the cost of having her car repaired. *Id.* The defendant was not ordered to pay any restitution related to the personal injuries sustained by the driver.

On appeal, the defendant challenged the restitution award, contending that ORS 811.706 was unconstitutional. *Id.* at 176-77. As pertinent here, the defendant argued that, because the range of potential damages authorized by ORS

---

[5] The legislature did not define "any," probably because its meaning in this context is self-evident. *See Webster's Third New Int'l Dictionary* 97 (unabridged ed 2002) (defining "any," as pertinent here, as "one or some of whatever kind or sort").

[6] *See generally* Tape Recording, Senate Committee on Judiciary, HB 2811, May 2, 1995, Tape 135, Side B to Tape 136, Side A (statement of Rep Floyd Prozanski).

811.706 is "virtually limitless," encompassing "general and punitive [damages], as well as special [damages]," *id.* at 177 (internal quotation marks omitted), an award for restitution under ORS 811.706 "is in the nature of a civil damages award rather than a criminal sanction" and, as such, implicated the civil jury trial right under Article I, section 17, of the Oregon Constitution. *Id.* at 172, 176-77.

We rejected the defendant's constitutional challenge to ORS 811.706, reasoning:

"The statute's plain terms, together with the statute's context, demonstrate that the scope of the award that the statute authorizes is significantly more narrow than defendant perceives.

"By its express terms, ORS 811.706 allows a court to order payment of an amount of money equal to 'any damages caused by the person as a result of the incident that created the duties' enumerated in ORS 811.700 and ORS 811.705. As we earlier described, the statutes defining the 'hit and run' offenses are organized by type of damage or injury, each triggering a particular set of duties depending on the category of damage and injury caused by a vehicle collision. ORS 811.700 relates to property damage and is the provision that defendant violated in this case. It encompasses damage to vehicles (attended and unattended) and damage to fixtures or property legally adjacent to a highway. Given that context, the reference to damage 'caused' as a result of the incident that created the duties under ORS 811.700 plainly is a reference to the vehicular or other forms of adjacent property damage that may trigger the duties to be performed. Thus, a trial court's authority to award amounts for damages is limited to a relatively small universe of property. In that respect, the damage award authorized by ORS 811.706 * * * is much narrower than defendant contends[.]"

*Id.* at 177-78 (footnote omitted). Thus, in *Hval*, we concluded that an award of restitution under ORS 811.706 was limited to those types of damages "that may trigger the duties to be performed" in ORS 811.700 or ORS 811.705. *Id.* at 178. Accordingly, a defendant could be ordered to compensate a victim for vehicular and other forms of adjacent property damage caused by the person as a result of the incident, because those types of damage triggered a defendant's duties

under ORS 811.700. *Id.* at 178. Consistently with that construction, we concluded that the restitution for property damages authorized by ORS 811.706 was "necessarily" for damages that are "liquidated and easily measurable," and, hence, did not amount to a civil damages award for purposes of Article I, section 17. *Id.* at 178.

Just as significant to what we held in *Hval* is what we did *not* hold—or, more accurately, what we did not address. Because the trial court in *Hval* ordered the defendant to pay restitution only for property damages incurred by the victim, there was no occasion to address the issue presented here—*viz.*, whether a person convicted only under ORS 811.700 can be required under ORS 811.706 to pay for personal injury-related damages resulting from the predicate incident. Moreover, nothing about our conclusion in *Hval*— *viz.*, that an award of restitution under ORS 811.706 is limited to those *types* of damages "that may trigger the duties to be performed" in ORS 811.700 or ORS 811.705, 174 Or App at 178—conflicts with the plain language of the statute, which provides that, if a defendant is convicted of violating either ORS 811.700 or ORS 811.705, the defendant is liable for restitution to the extent of "any damages" he or she caused "as a result of the *incident*" giving rise to the obligations under those statutes. ORS 811.706 (emphasis added).

In sum, ORS 811.706 does not condition the type of restitution available under that statute on whether a defendant was convicted under ORS 811.700, as opposed to ORS 811.705, so long as the defendant is convicted under either of those statutes. Accordingly, the trial court did not err in ordering defendant, pursuant to ORS 811.706, to pay restitution for the injured driver's medical expenses.

Affirmed.