Submitted June 28, reversed and remanded for resentencing; otherwise affirmed
September 21, 2011

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# RANDALL RAY MARTINO,
*Defendant-Appellant.*

Klamath County Circuit Court
0800824CR; A142498

263 P3d 1111

Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Defendant was convicted of seven felonies and a misdemeanor resulting from the events on one evening during which he assaulted, criminally mistreated, and attempted to murder his stepson; raped, unlawfully sexually penetrated, strangled, and assaulted his wife; and attempted to elude police officers. In addition to imposing multiple terms of incarceration and post-prison supervision, the court also, *sua sponte,* ordered defendant to pay a compensatory fine of $10,000 to his wife for mental health treatment. ORS 137.101 (authorizing compensatory fine for harm to victim for which victim would have civil remedy). The parties agree that there was no evidence that wife had incurred, or would incur, any mental health expenses or other pecuniary loss. They also agree that imposing a fine without evidence of pecuniary loss is error. *State v. Kappelman,* 162 Or App 170, 986 P2d 603 (1999). And they agree that defendant did not lodge an objection to the fine. On appeal, defendant argues that the imposition of the fine was plain error and that we should exercise our discretion to review it.

The state recognizes that, in several cases, we have held that imposing a compensatory fine in the absence of any evidence of pecuniary harm is plain error and that we have, in those cases, exercised our discretion to review that error. *State v. Drinkwater,* 231 Or App 6, 217 P3d 1090 (2009), *rev den,* 348 Or 13 (2010); *State v. Neese,* 229 Or App 182, 210 P3d 933 (2009), *rev den,* 347 Or 718 (2010); *State v. Morris,* 217 Or App 271, 174 P3d 1127 (2007), *rev den,* 344 Or 671 (2008). The state nonetheless maintains that, because defendant may have made a strategic choice not to object, it is possible that he waived his objection, in which case the court did not err at all. *State v. Gornick,* 340 Or 160, 170, 130 P3d 780 (2006) (if it is inferable that a defendant chose, for some strategic reason, not to object to an otherwise erroneous ruling, the ruling is not erroneous). Here, the state suggests that defendant may have made the strategic choice not to object to a $10,000 compensatory fine for which there was no evidence because he "may have concluded that the court would perceive an objection to the fine as evidence that defendant had no remorse or was unwilling to accept responsibility for his acts."

In *State v. Lovern*, 234 Or App 502, 512, 228 P3d 688 (2010), we held that the state must not only suggest that a defendant might have made a strategic choice to refrain from preserving his or her claim of error, but that the state's proposal must be plausible. The state's theory in this case does not meet that criterion. If a desire to demonstrate remorse so as to increase the probability of a light sentence were a plausible reason to waive objecting to the imposition of a compensatory fine, then every failure to object to such a fine could be a strategic choice. Our long history of reviewing unpreserved claims of error based on unsupported compensatory fines cannot be reconciled with the state's theory.

The state also argues that, even if the trial court plainly erred, we should refrain from exercising our discretion to review that error because, "had defendant made a timely objection, the state may have been able to produce the necessary evidence." We rejected an almost identical argument in *Morris*, 217 Or App at 274:

"[A]s the state suggests, if defendant had raised his present objection before the trial court, error might well have been avoided. But that is true in many 'plain error' cases— indeed, in virtually all such cases except for those in which the claim of error is based on an intervening, post-judgment change in the law. *See generally State v. Jury*, 185 Or App 132, 57 P3d 970, *rev den*, 335 Or 504 (2003).

"Our decision as to whether to exercise our *Ailes* [*v. Portland Meadows*, 312 Or 376, 823 P2d 956 (1991)] discretion depends on a variety of factors, including not only 'how the error came to the court's attention,' *Ailes*, 312 Or at 382 n 6, but also the competing interests of the parties, the nature of the case, and the gravity of the error. *Id*. Here, we affirmatively exercise our discretion to correct the error because it has some gravity, given the amount of the fine ($5,000), and because other considerations do not substantially militate against the exercise of discretion."

Reversed and remanded for resentencing; otherwise affirmed.