Submitted May 31, affirmed August 31, 2016

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# DANIELLE MARIE ANDERSON,
*Defendant-Appellant.*

Douglas County Circuit Court
14CR0753MI; A158908

380 P3d 1201

Ann Marie Simmons, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin Snyder Severe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## DEHOOG, J.

Defendant appeals her conviction for failure to perform the duties of a driver when property is damaged, more commonly known as "hit and run." ORS 811.700.[1] On appeal, she assigns error to the trial court's award of restitution. Under ORS 811.706, which authorizes the imposition of restitution upon a conviction for hit and run, the court awarded restitution in the amount of $5,807.52, the stipulated value of the property damage that defendant had caused. Of that amount, the court ordered defendant to pay $500.00 to the victim to cover her insurance deductible, and to pay the balance of $5,307.52 to the victim's insurer.[2] Defendant challenges that ruling and argues that ORS 811.706 authorizes restitution awards only to *owners* of property damaged in incidents giving rise to driver obligations under ORS 811.700, and not to their insurance carriers. Because, contrary to defendant's assertion, we conclude that ORS 811.706 does authorize restitution awards to insurers, we affirm.

Defendant's argument requires us to construe the hit-and-run restitution statute, ORS 811.706, which provides that,

"[w]hen a person is convicted of violating ORS 811.700 [failure to perform the duties of a driver when property is damaged] or 811.705 [failure to perform the duties of a driver to injured persons], the court, in addition to any other sentence it may impose, may order the person to pay an amount of money equal to the amount of any damages caused by the person as a result of the incident that created the duties in ORS 811.700 or 811.705."

---

[1] As the state charged defendant here, a person commits the offense of failure to perform the duties of a driver when property is damaged if "the person is the driver of any vehicle involved in an accident that results only in damage" to another driver's vehicle and fails to perform enumerated duties, including remaining at the accident scene to exchange identifying information. ORS 811.700(1). Related "hit-and-run" statutes include ORS 811.705 (failure to perform the duties of a driver to injured persons) and ORS 811.710 (failure to perform the duties of a driver when a domestic animal is injured). *See also State v. Bassett*, 243 Or App 289, 292, 292 n 3, 259 P3d 953 (2011) (same).

[2] For the ease of discussion, we refer to the owner of the other vehicle as the "victim" of the hit-and-run incident and her insurer as the victim's insurer. We express no opinion as to whether either or both of them may be considered the "victim" for purposes of statutory or constitutional provisions that use that term.

Here, the trial court concluded that, under ORS 811.706, it could award restitution not only to the victim, but also to the victim's insurer. In reaching that conclusion, the court interpreted the phrase "any damages caused by the person as a result of the incident that created the duties in ORS 811.700" to include property damages paid by an insurer, if those damages arose out of the accident that gave rise to defendant's obligations under that statute. The correct construction and application of ORS 811.706 presents a question of law, which we review for legal error. *State v. Thompson*, 328 Or 248, 256, 971 P2d 879 (1999) ("A trial court's interpretation of a statute is reviewed for legal error.").

Defendant argues that the trial court's application of ORS 811.706 conflicts with our statement in *State v. Hval*, 174 Or App 164, 178, 25 P3d 958, *rev den*, 332 Or 559 (2001), that "the *only* persons who may be awarded damages pursuant to ORS 811.706 are *owners of damaged property* as specified in the 'hit and run' statute." (Emphases added.) As defendant reasons, insurers are not property owners; therefore, insurers are not "persons who may be awarded damages pursuant to ORS 811.706," *id.* The state, on the other hand, argues that our statement in *Hval* is not dispositive and that the plain text of ORS 811.706 authorized the trial court's award of restitution to the victim's insurer in this case.[3] For the reasons discussed below, we agree with the state's interpretation of ORS 811.706.

When interpreting a statute, we first consider the text and context of the statute. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Any previous constructions of a statute are relevant to that stage of our analysis. *State v. Bryan*, 221 Or App 455, 459, 190 P3d 470 (2008), *rev den*, 347 Or 290 (2009). As both parties recognize, we previously construed ORS 811.706 in *Hval*, 174 Or App at 172-83. In accordance with our usual approach, then, we now consider

---

[3] The state additionally argues that, even if *Hval* does limit restitution under ORS 811.706 to owners of damaged property, defendant's insurer has stepped into her shoes for purposes of restitution under subrogation principles. That is the ground that the trial court apparently based its ruling on. We express no opinion as to that argument, and rest our conclusion solely on the state's first argument.

both the text of ORS 811.706 and our discussion of that statute in *Hval*.[4]

As noted above, ORS 811.706 authorizes a court to order a defendant convicted of hit and run to pay restitution in an amount equal to "any damages" that are "caused by the person as a result" of the hit-and-run incident. And, as we have repeatedly observed, that statute's terms tie restitution not to the defendant's criminal conduct—the failure to perform a driver's duties—but, rather, to the damage to persons or property that "'trigger[s] the duties to be performed'" by a driver involved in an accident. *State v. Bassett*, 243 Or App 289, 297, 259 P3d 953 (2011) (quoting *Hval*, 174 Or App at 178); *see, e.g., State v. Kappelman*, 162 Or App 170, 174, 986 P2d 603 (1999) ("Stated simply, if a defendant convicted of hit and run 'caused' the accident, the defendant may be ordered to pay restitution for damages resulting from the accident."). Thus, "[t]he statute, by its terms, limits the scope of restitution in two respects: Recoverable damages must not only have been 'caused by' the defendant, but must also have been [caused] 'as a result of the incident' that gave rise to obligations prescribed in" the hit-and-run statutes. *Bassett*, 243 Or App at 294.

Notably, the plain text of ORS 811.706 does not purport to limit *who* may receive restitution. *Cf.* ORS 137.540(10) (1976), *amended by* Or Laws 1977, ch 371, § 3 (previous version of the general restitution statute limiting award to "aggrieved part[ies]"); *State v. Getsinger*, 27 Or App 339, 341-42, 556 P2d 147 (1976) (concluding that insurer could not recover under ORS 137.540(10) (1976), because insurer was not an "aggrieved party"). Rather, "the unambiguous statutory text permits imposition of restitution for '*any* damages' that the defendant 'caused *** as a result of the incident.'" *Bassett*, 243 Or App at 295 (quoting ORS 811.706; emphasis and alterations in *Bassett*). As we noted in *Bassett*, in that context, the meaning of "any"

---

[4] We have also reviewed the available legislative history behind ORS 811.706. Nothing in that legislative history aids our analysis or contradicts our interpretation of the statutory text. *See Gaines*, 346 Or at 171-72 (court may consider legislative history "where that legislative history appears useful to the court's analysis").

is "self-evident"; it means "'one or some of whatever kind or sort.'" *Id.* at 295 n 5 (quoting *Webster's Third New Int'l Dictionary* 97 (unabridged ed 2002)). Thus, by authorizing restitution for "any" damages that a hit-and-run defendant has caused, the plain language of ORS 811.706 authorizes an award of restitution without regard to who has borne the financial burden of those damages.[5]

Our holding in *Hval* is consistent with that reading. In relevant part, our focus in *Hval* was on whether ORS 811.706 implicated the right to a civil jury trial guaranteed by Article I, section 17, of the Oregon Constitution. 174 Or App at 176-79; *see Bassett*, 243 Or App at 296 (describing *Hval*'s holding). The defendant in that case had argued that ORS 811.706 authorized a civil, rather than criminal, remedy and, therefore, triggered the defendant's right to a civil jury trial. *Hval*, 174 Or App at 177. In support of that argument, the defendant contended that the statute permitted courts "to award 'virtually limitless' damages" and to order that those damages be paid to a "boundless class of potential victims." *Id.*

We rejected that expansive reading of a trial court's authority under ORS 811.706 and, ultimately, concluded that the remedy that the statute provided was not a civil remedy requiring a jury trial. *See id.* at 177-79. In reaching that conclusion, we reasoned that, by limiting restitution to the damages "caused" by the hit-and-run incident, the statute ensured that "a trial court's authority to award amounts for damages is limited to a relatively small universe of property." *Id.* at 178. And, "[n]ecessarily, then, the range of 'victims' who may receive such an award is narrow[] as well," because, as we implicitly reasoned, only those victims who suffered property damages were entitled to restitution. *Id.* In other words, rather than exposing defendants to "limitless" liability to "a boundless class" of victims, as the defendant had argued, ORS 811.706 authorized a "significantly more narrow" scope of award. *Id.* at 176-78 (concluding that "defendant simply is wrong when he suggests that the statute is written in terms broad enough to encompass punitive

---

[5] Defendant makes no argument, based on the text of the statute, to the contrary.

and general damages or other similarly speculative, uncertain, and open-ended amounts").

Here, defendant seizes upon an isolated sentence within *Hval*, in which we summarized why hit-and-run defendants faced only limited exposure under the restitution statute: "[T]he only persons who may be awarded damages pursuant to ORS 811.706 are *owners* of damaged property as specified in the 'hit and run' statute." *Id.* at 178 (emphasis added). Defendant's reliance on *Hval* overstates the significance of that one sentence. For one thing, as noted, the word "owners" does not appear in ORS 811.706, and we were not construing any limitation that the legislature expressly placed in the statute, despite what may be viewed as a suggestion that the statute expressly singled out "owners of damaged property." *See id.* And, for another, our conclusion in *Hval*—that the remedy provided by ORS 811.706 was not a civil remedy—did not hinge on the fact that those damages could only be recovered by specific persons, *i.e.*, property owners; instead, we reached that conclusion because the statute narrowly circumscribed what damages a trial court could order. *Id.* at 177-78. Thus, defendant's out-of-context quotation of one sentence in *Hval* does not support her position.

Viewed in its proper context, our statement in *Hval* may have said more than was necessary to support our holding in that case. To be clear, *Hval* did not decide the statutory interpretation issue presented in this case: whether ORS 811.706 authorizes a restitution award to an insurer. *Cf. Bassett*, 243 Or App at 297 (observing, in rejecting analogous argument based on *Hval*, that "[j]ust as significant to what we held in *Hval* is what we did *not* hold—or, more accurately, what we did not address" (emphasis in original)). However, to the extent that the sentence that defendant relies on can be viewed as a conclusion that insurers cannot receive restitution under ORS 811.706, any such conclusion was merely explanatory *dictum*, unnecessary to the outcome of that case. *See Halperin v. Pitts*, 352 Or 482, 492, 287 P3d 1069 (2012) (defining *"dictum"*).

In *Hval*, our essential point was that the legislature had clearly delineated what damages a trial court could

award under ORS 811.706; because the statute limited restitution awards to the actual property damage caused by hit-and-run defendants, it did not expose those defendants to the sort of general liability that arguably required a civil jury trial. 174 Or App at 178. In reaching that conclusion, we had no reason to distinguish property owners from the insurers who covered them for the property losses that they incurred due to hit-and-run drivers. In other words, allowing insurers to recover the proceeds that they had paid to owners for property damages would not expand the type or the amount of damages that a court could order hit-and-run defendants to pay. Accordingly, any distinction between owners and their insurers that we may have implicitly made in *Hval* was not essential to the outcome of that case, and, as a result, it has no precedential effect here. *See Halperin*, 352 Or at 492 ("When the court's prior construction is mere *dictum*, * * * it has no * * * precedential effect.").

As the parties have stipulated here, the victim's insurer expended more than $5,000 as a result of the property damage that defendant caused. Because ORS 811.706 authorizes a trial court to award restitution equal to the amount of "any damages" caused by a hit-and-run incident, and because the statute does not limit who may receive those damages, the trial court did not err in awarding restitution to the victim's insurer in this case.

Affirmed.