HADLOCK, P. J.
*229 While driving a car, defendant hit an unattended vehicle and departed the scene without leaving his contact information. He later pleaded guilty to failure to perform the duties of a driver when property is damaged, ORS 811.700, a crime more commonly known as "hit and run," and a judgment of conviction was entered on that charge. Defendant stipulated to liability for restitution, but contested the amount requested by the state. The court subsequently entered a supplemental judgment requiring defendant to pay $ 1,300 in restitution. On appeal, defendant does not challenge the court's order that he pay $ 500 in restitution representing the victim's insurance deductible. However, defendant contends that the court erred when it *253 imposed an additional $ 800 in restitution because that figure was based on the court's subjective determination of the victim's losses, not on objectively verifiable damages. The state concedes the error. As explained below, we agree with the parties that the trial court erred. Accordingly, we vacate the supplemental judgment and remand.
Because the victim's insurance company "totaled" the car that defendant had damaged, the state generally sought restitution representing the victim's insurance deductible as well as transportation costs that she incurred before she purchased another car. At the start of the restitution hearing, the parties suggested they would stipulate to a certain amount in restitution that included the victim's insurance deductible and amounts she had spent on bus, train, and an hourly car-rental service. However, the state also sought restitution for several hundred dollars that the victim spent on other car-rental and rideshare services, as well as about $ 500 in lost wages. Defendant initially objected on the ground that those costs were not adequately documented.
The victim testified at the restitution hearing and described the transportation costs that she incurred during the six to seven months that passed between defendant damaging her vehicle and when she purchased a new car. She also testified that her work shifts were adjusted because she had to rely on bus service for transportation, which caused *230 her to earn less money than she would have otherwise. On cross-examination, defendant questioned the victim about why it had taken her so long to buy another car and sought to cast doubt on her calculation of lost wages. The victim also acknowledged that she had not incurred certain expenses associated with car ownership during the period when she lacked a car.
In closing arguments, the state reiterated its request for restitution that included amounts for Lyft and ReachNow transactions, as well as an amount in lost wages; added to the amount to which the parties had said they would stipulate, the state's total request came to about $ 2,300. In response, defendant acknowledged that he was changing his position; he argued, based on the victim's testimony, that restitution should cover only two weeks of costs for alternative transportation because the victim could have purchased another car shortly after her own was "totaled" and defendant should not be responsible for costs she incurred over a much longer period. The parties then discussed whether the costs for such a two-week period had been adequately established.
The trial court then stated that it was "going to take a completely different approach" than the parties had taken. The court first noted that the victim had "incurred some additional costs for transportation" and had "avoided some costs for transportation"; it opined that the added costs and the savings "sort of cancel each other out." However, the court stated, the victim suffered "a significant convenience cost" in not having her own vehicle, having to seek out other forms of transportation, and having to spend more time in transit than she would have if she had been driving her own car. The court opined that "six or seven months" was not an unreasonable amount of time for the victim to take to decide "what she wanted to do." Accordingly, the court stated, it would do "rough justice" by valuing the victim's inconvenience at $ 800 for the period that she lacked a car. Adding that to the $ 500 insurance deductible, the court awarded a total of $ 1,300 in restitution. When defendant objected, the court acknowledged that it was basing the restitution figure on "a subjective determination of [the victim's] economic loss."
*231 On appeal, defendant contends that the trial court erred when it imposed $ 800 in restitution on a subjective basis. As noted, the state concedes the error. The parties disagree primarily on disposition. Defendant suggests that we should simply reverse the portion of the supplemental judgment that awards $ 800 in restitution; the state contends that we should remand for resentencing because the trial court could have objectively determined the victim's losses and should have another opportunity to do so.
Our analysis begins with the text of ORS 811.706, the restitution statute that applies *254 when a person is convicted, as defendant was here, of violating ORS 811.700 by failing to perform the duties of a driver. That restitution statute provides that the trial court "may order the [convicted] person to pay an amount of money equal to the amount of any damages caused by the person as a result of the incident that created the duties in ORS 811.700." ORS 811.706. A trial court's authority to award restitution under that statute is narrow in scope; it "is limited to those types of damages 'that may trigger the duties to be performed' in ORS 811.700." State v. Bassett , 243 Or. App. 289, 297, 259 P.3d 953 (2011) (emphasis in original; quoting State v. Hval , 174 Or. App. 164, 178, 25 P.3d 958, rev. den. , 332 Or. 559, 34 P.3d 1177 (2001) ). Thus, the "damages" referenced by ORS 811.706 are those associated with the harm caused as a result of the "hit and run" incident. Hval , 174 Or. App. at 178, 25 P.3d 958. We have observed that such damages are "liquidated and easily measurable." Id . Thus, ORS 811.706 does not authorize an award of restitution that includes "speculative, uncertain, and open-ended amounts." Id .
Here, defendant does not challenge the trial court's award of $ 500 in restitution to cover the victim's insurance deductible. However, the trial court imposed an additional $ 800 in restitution based on its subjective determination of the victim's other losses and, in doing so, the court acknowledged that it was doing "rough justice." As the state concedes, that was error because the court essentially imposed a "speculative" amount of restitution.
The question of disposition remains. As the state observes, the record includes objective evidence of costs that *232 the victim incurred after her car was damaged, beyond the $ 500 insurance deductible. We agree with the state that the appropriate disposition is a remand. Upon remand, the trial court will have an opportunity to determine, in the first instance, whether the state has established any additional "damages caused by [defendant] as a result of the incident that created the duties in ORS 811.700." ORS 811.706.[1] Cf. State v. Rodriguez , 284 Or. App. 652, 654, 393 P.3d 1199 (2017) (taking that approach where trial court erred by declining to make a finding that is necessary to an award of restitution).
Supplemental judgment vacated and remanded; otherwise affirmed.

We do not understand the court's reference to "additional" and "avoided" transportation costs to constitute a ruling on whether any of those costs-or other expenses or losses-are "damages" recoverable under ORS 811.706.