Argued and submitted February 26, resubmitted In Banc June 9, reversed and remanded for resentencing in part; otherwise affirmed July 28, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## ANTHONY AURELIO RODRIGUEZ,
*Appellant.*

(91P-3175; CA A72545)

856 P2d 339

David C. Degner, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

De MUNIZ, J.

Rossman, J., concurring in part; dissenting in part.

**De MUNIZ, J.**

Defendant appeals from the dispositional departure sentences imposed after he was convicted of burglary in the second degree and theft in the first degree. ORS 164.215; ORS 164.055. We remand for resentencing on the burglary conviction.

At approximately 2:30 a.m. on May 18, 1991, a witness heard breaking glass and saw defendant and two other persons enter a mountaineering store in Independence. Shortly after, the three came out of the store carrying items of clothing. The police searched a nearby park and saw defendant come from behind a tree and throw something on the ground. The object thrown was a tag for a new coat; defendant was wearing a new coat that matched the tag. Other items of new sportswear were recovered in the area.

■ Defendant first argues that the court erred in imposing a departure on the theft conviction by relying on the aggravating factor of "persistent involvement in similar offenses." OAR 253-08-002(1)(b)(D). He contends that his prior record of burglary and theft convictions began in 1972 and ended in 1982, and that, since 1982, none of his convictions has involved anything "similar" to burglary or theft. The state contends that the hiatus has no bearing, because defendant was incarcerated for four and one-half years of the eight and one-half years during which he had no property convictions. On these facts, we agree with the state that the court did not err in relying on the factor.

■ Defendant next argues that the court erred in finding, as an aggravating factor in the burglary conviction, that the crime was part of an "organized criminal operation." OAR 253-08-002(1)(b)(H). He contends that OAR 253-08-002 (1)(b)(H) was intended only to aggravate the sentence of a defendant who was a member of an organized criminal operation that had, as its objective, the commission of more than one crime and that there was no evidence that this group committed or planned to commit further crimes. The state contends that the rule does not require the commission of more than one crime and, even if it does, defendant's commission of theft and burglary meets the definition.

We do not determine whether the rule requires more than one criminal act, because there is no evidence here that the group of three was an "organized criminal operation." The trial court's only finding in support of "organized criminal operation" was that defendant "cooperated" with two other individuals in breaking into the store. The dissent would hold that that is sufficient because, in determining what constitutes an organized criminal operation, "it is only necessary that the individual members be united with the intention of working together to achieve a common goal." 122 Or App at 122. Under that definition, any time that a crime is committed by two or more people, it is an "organized criminal operation." However, it is obvious that the intent of the rule is to enhance sentences for those involved in criminal activity beyond the mere acting in concert to commit a crime.

The commentary defines "organized criminal operation" to mean

> "any operation in which two or more individuals cooperate in a formal or informal organization to commit illegal acts for financial benefits or as a means to further the objectives of the organization or its members.

> "EXAMPLE:   An offender is convicted of Possession of Gambling Records I (ORS 167.137). The court determines that the offender committed the crime as a member of a major gambling organization. This factor may be properly cited as an aggravating factor for sentencing purposes under these guidelines." *Oregon Sentencing Guidelines Implementation Manual* 131 (1989).

That commentary demonstrates that, whether the organization is "formal" or "informal," the aggravating factor was intended to capture an entity that has some structure *or* identity apart from the individual participants.

The dissent rejects that conclusion, citing various dictionary definitions of "organization." While those definitions do not necessarily require an organization to have a constant group of participants, or a body of officers or by-laws, the sense of all includes more than the "cooperation" that the court found constituted an organized criminal operation here. The definitions require "persons organized," "individuals systematically united" or "persons united * * * [to secure] the objects of the whole." 122 Or App at 121.

The facts do not show that defendant was "united," "systematically united" or "organized" with the other persons. All the evidence shows is that three persons, including defendant, together broke into a store and took some clothes and that defendant was caught wearing one of the stolen items. Not under the rule, nor under any common-sense understanding of the term, can it be said that that evidence shows the existence of an "organized criminal operation."

Reversed and remanded for resentencing on conviction for burglary in the second degree; otherwise affirmed.

**ROSSMAN, J.,** concurring in part; dissenting in part.

I agree with the majority that the trial court was correct in imposing a departure sentence on defendant's theft conviction. However, I also believe that the trial court properly determined that the burglary was part of an "organized criminal operation." I must therefore dissent from the majority's holding that the trial court erred in relying on that aggravating factor in imposing a departure sentence on the burglary conviction.

An "organized criminal operation" is

"any operation in which two or more individuals cooperate in a[n] * * * informal organization to commit illegal acts for financial benefits or as a means to further the objective of the organization or its members." *Oregon Sentencing Guidelines Implementation Manual* 131 (1989).

Under the facts of this case, I believe that the trial court could properly determine that defendant and his accomplices cooperated in an "organization" to burglarize the store for financial gain. I arrive at this conclusion after consulting several dictionaries and formulating a definition of the term "organization" that comports with all of them. *The Random House Dictionary of the English Language* 1364 (2nd ed 1987) defines an "organization" as

"a group of persons organized for some end or purpose; association."

*Webster's New World Dictionary* 1002 (2nd ed 1984) provides that an "organization" is

"a body of persons organized for some specific purpose * * *."

Other definitions are:

"A number of individuals systematically united for some end or work * * *." *Funk & Wagnalls Standard Dictionary* 890 (1973).

"[A] body of persons organized for some end or work." *The New Century Dictionary of the English Language* 1198 (1934).

"[A] body, association, of persons united by a common purpose, having various functions or lines of action allotted for carrying out the business and securing the objects of the whole." *The Universal English Dictionary* 807 (1957).

Examination of those definitions discloses that an "organization" is commonly understood as a group of individuals united or assembled for the purpose of accomplishing a common objective.

Thus, contrary to what the majority espouses, it is not necessary that an "organization" have some prescribed structure or identity apart from its individual members for it to be an "organized criminal operation." Indeed, the commentary to OAR 253-08-002(1)(b)(H) provides that an "organized criminal operation" may be the result of an *informal* organization. *Oregon Sentencing Guidelines Implementation Manual* 131 (1989). The commentary thus makes it abundantly clear that it is wholly immaterial whether the organization's membership has remained relatively constant or whether it has elected a body of officers, enacted a formal set of rules, maintains a fleet of high-tech helicoptors, keeps a wardrobe closet filled with an array of stylish silk suits and shiny patent leather shoes or has a home office in some renowned international city. For there to be an "informal organization," it is only necessary that the individual members be united with the intention of working together to achieve a common goal.

A finding that a group has cooperated in an "informal organization" to commit a crime does not automatically result in a conclusion that the crime was part of an "organized criminal operation" under OAR 253-08-002(1)(b)(H). As that rule provides, there must also be a finding that the

group acted either for pecuniary gain or to further the objective of the organization or its members. The majority claims that the "trial court's only finding in support of 'organized criminal operation' was that defendant 'cooperated' with two other individuals in breaking into the store" and that "[a]ll the evidence shows is that three persons, including defendant, together broke into a store and took some clothes and that defendant was caught wearing one of the stolen items." 122 Or App at 120, 121. Were that the case, I would have no quarrel with the majority's holding with regard to the burglary sentence. That, however, is not the case. The record amply demonstrates that defendant and his two accomplices cooperated in an informal organization to burglarize the store for pecuniary gain. The trial court expressly found that (1) defendant was a member of a group of three persons; (2) the members of the group acted together in burglarizing the store; *and* (3) the group burglarized the store for the financial benefit of each of the group's members. Those findings are supported by the evidence and we are bound by them. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). The findings support the trial court's conclusion that the burglary was part of an "organized criminal operation." The court did not err in relying on that aggravating factor for its departure sentence on the burglary conviction.

Warren and Deits, JJ., join in this dissent.