Argued and submitted November 29, 2007, affirmed June 18, petition for review denied October 3, 2008 (345 Or 318)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER POTTER WEBSTER,
*Defendant-Appellant.*

Multnomah County Circuit Court
050546165; A130284

188 P3d 329

Kristin A. Carveth, Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Mary H. Williams, Solicitor General, argued the cause for respondent. With her on the brief was Hardy Myers, Attorney General.

Before Landau, Presiding Judge, and Wollheim, Judge, and Schuman, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant was convicted after a jury trial of failure to perform the duties of a driver when property is damaged, ORS 811.700. The sentencing court imposed restitution under ORS 811.706, which permits the imposition of restitution for accident-related damages upon a finding that the defendant caused the accident that gave rise to the duties on which the conviction was based. Defendant contended that, under the Sixth Amendment to the United States Constitution, as construed in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), he had the right to have a jury make the finding that he caused the accident. The sentencing court considered and rejected that contention, found that defendant had caused the accident, and imposed restitution in the amount of $200. Defendant raises the same contention on appeal, and we affirm.

■      ORS 811.706 provides:

"When a person is convicted of violating ORS 811.700 * * *, the court, in addition to any other sentence it may impose, may order the person to pay an amount of money equal to the amount of any damages caused by the person as a result of the incident that created the duties in ORS 811.700 * * *."

A conviction of failure to perform the duties of a driver under ORS 811.700 does not, in and of itself, trigger an award of restitution for accident-related damages. In *State v. Kappelman*, 162 Or App 170, 176, 986 P2d 603 (1999), we held that, before a court may impose accident-related restitution under ORS 811.706, the court must find that the defendant caused the accident. The question on appeal is whether, given *Apprendi* and *Blakely*, that finding must be made by a jury, not the court, if the defendant has not waived the right to a jury trial.

■      We have never before addressed this issue in the context of ORS 811.706. However, in *State v. McMillan*, 199 Or App 398, 111 P3d 1136 (2005), we considered whether there is a state or federal constitutional right to jury findings on the

factual issues involved in a determination of restitution under ORS 137.106(1) (2003),[1] the general restitution statute. At the relevant time, ORS 137.106(1) provided that, "[w]hen a person is convicted of a crime, * * * that has resulted in pecuniary damages," the district attorney must investigate and present to the court evidence as to the nature and amount of those damages. The statute further provided that,

> "[i]f the court finds from the evidence presented that a victim suffered pecuniary damages, in addition to any other sanction it may impose, the court shall[,] * * * [i]nclude in the judgment a requirement that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's pecuniary damages as determined by the court[.]"

ORS 137.106(1)(a). In *McMillan*, we rejected the defendant's contention that Article I, section 11, of the Oregon Constitution guarantees the defendant a jury trial on the issue of the amount of restitution on a conviction of theft in the first degree, reasoning that the amount of restitution is not an element of the offense. 199 Or App at 401-02. Additionally, under the Sixth Amendment of the federal constitution, as interpreted in *Apprendi* and *Blakely*, we reasoned that the facts necessary to impose restitution under ORS 137.106 are not facts that increase the penalty "beyond the prescribed statutory maximum," because the statutory maximum includes restitution for the full amount of the victim's pecuniary damages:

> "The statute thus does not permit any finding of the court to result in a sentence beyond the statutory maximum. Rather, the statute authorizes the court to require the payment of restitution as part of the judgment of conviction in an amount 'that equals the full amount of the victim's pecuniary damages as determined by the court.' ORS 137.106(1)(a). The statutory maximum is, in other words, the amount of pecuniary damages as determined by the court, and no more."

---

[1] ORS 137.106(1) was amended by the Legislative Assembly in 2005. Or Laws 2005, ch 564, § 2.

*McMillan*, 199 Or App at 403. Thus, we concluded, the principles announced in *Apprendi* and *Blakely* are not violated when the trial court makes the findings necessary to determine the amount of the victim's pecuniary damages under ORS 137.106. We adhered to our holding in *McMillan* in *State v. Travalini*, 215 Or App 226, 234, 168 P3d 1159 (2007), *rev den*, 344 Or 110 (2008), and *State v. Mendez*, 211 Or App 311, 314, 155 P3d 54, *rev den*, 343 Or 160 (2007). Further, in *Mendez*, we held that the applicable standard of proof for the imposition of restitution is a preponderance of the evidence. 211 Or App at 322-23 n 12.

Of course, ORS 811.706 is different from ORS 137.106. The finding that the trial court must make in order to impose accident-related restitution under ORS 811.706 is not about the damage caused by the defendant in committing the crime of conviction—it is about the damage caused by the defendant in the incident that gave rise to the defendant's duties as a driver under ORS 811.700. However, we conclude that the rationale of *McMillan* applies with equal force under ORS 811.706. When a defendant has been convicted of failing to perform the duties of a driver when property is damaged, ORS 811.706 authorizes the court to require payment of restitution as a part of the judgment in an amount "equal to the amount of any damages caused by the person as a result of the incident that created the duties [of a driver]." ORS 811.706. The statutory maximum sentence thus encompasses the amount of damages caused by the person as a result of the incident that gave rise to the violation of the statute, and no more. As we concluded in *McMillan*, we conclude that the principles announced in *Apprendi* and *Blakely* are not violated by the trial court making the findings necessary to impose the full amount of damages as restitution under ORS 811.706.

Affirmed.