Submitted August 26, 2010, affirmed May 25, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DILLAN WADE MOORE,
*Defendant-Appellant.*

Union County Circuit Court
F15736; A142804

258 P3d 1249

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant pleaded guilty to, and was convicted of, failure to perform duties of a driver, ORS 811.700, a charge that arose from an incident during which he drove, and wrecked, a pickup truck without permission from the truck's owner.[1] As part of defendant's sentence, the trial court ordered defendant to pay $32,478.43 in restitution. Included in that restitution order were (1) the amount, not covered by insurance, that the truck's owner paid to clear the title of the wrecked truck ($3,889.60) and (2) the finance charge on the replacement truck acquired by the owner ($5,277.28). The trial court did not indicate at the time of the restitution hearing, or in the judgment, the statutory authority on which it based its order of restitution.[2]

Under the circumstances present in this case, ORS 811.706 governs the trial court's authority to order restitution for "any damages caused by [defendant] as a result of the incident that created the duties [of a driver that defendant failed to perform]." In *State v. Kappelman*, 162 Or App 170, 174, 986 P2d 603 (1999), we explained:

"Before 1995, the general statute governing restitution in criminal cases, ORS 137.106(1), provided the only source of authority for ordering restitution following a hit-and-run conviction. The statute authorizes restitution only for pecuniary damages that 'result' from a person's 'criminal activities,' thus requiring a causal nexus between the crime and the damages. In a hit-and-run case, the 'criminal activity' is leaving the scene without providing information or assistance; neither involvement in the accident nor causing the accident is a criminal act. As a result, in a prosecution under ORS 811.700, damages that result from the accident, rather than from the 'criminal activity' of failing to provide the required information, cannot be awarded as restitution under ORS 137.106(1). *State v. Eastman/Kovach*, 292 Or 184, 189-90, 637 P2d 609 (1981).

---

[1] Defendant also pleaded guilty to unauthorized use of a vehicle, ORS 164.135, for which defendant entered into a diversion program. Accordingly, no conviction was entered on that charge. As a condition of diversion, however, defendant was ordered to pay the restitution imposed in the judgment of conviction for failure to perform duties of a driver.

[2] The parties also did not discuss the statutory basis on which restitution was to be ordered, although passing reference was made at the restitution hearing to the availability of restitution for economic damages.

"In 1995, the legislature expanded a trial court's restitution authority in hit-and-run prosecutions by enacting ORS 811.706, which provides:

" 'When a person is convicted of violating ORS 811.700 or 811.705, the court, in addition to any other sentence it may impose, may order the person to pay an amount of money equal to the amount of any damages caused by the person as a result of the incident that created the duties in ORS 811.700 or 811.705.'

"Stated simply, if a defendant convicted of hit and run 'caused' the accident, then the defendant may be ordered to pay restitution for damages resulting from the accident. The 1995 enactment thus conferred on trial courts the restitution authority that *Eastman/Kovach* held was lacking in ORS 137.106(1)."

(Footnotes omitted.)

On appeal, defendant argues that the trial court erred by including in its restitution order the amount that the owner paid to clear the title of the wrecked truck and the finance charge on the replacement truck. According to defendant, neither amount is recoverable as restitution because neither qualifies as "economic damages" pursuant to ORS 31.710—a necessary predicate to an order of restitution under the general restitution statute, ORS 137.106. Because that statute is inapplicable under these circumstances and because defendant has not made any argument—either before the trial court or on appeal—that the order of restitution was not authorized by ORS 811.706, we affirm.

Affirmed.