Submitted May 29, affirmed July 9, petition for review denied October 23, 2014
(356 Or 400)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT STEVEN CROSS,
*Defendant-Appellant.*

Multnomah County Circuit Court
091234965, 120130446;
A153468 (Control), A153469

331 P3d 1073

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Preusch, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

## LAGESEN, J.

The issue on this appeal is whether the trial court was required to find "substantial and compelling reasons" under ORS 137.750 to deny defendant eligibility for alternative incarceration programs (AIPs) and early release under ORS 421.508.[1] We conclude that it was not, because ORS 137.751, not ORS 137.750, governs eligibility for AIPs, and ORS 137.751 does not require a trial court to find "substantial and compelling reasons" to deny eligibility for AIPs.

Defendant was on probation. He failed to comply with the terms of that probation by, in the words of the trial court, presenting "positive U. A.'s, resisting arrest, [and] faking medical issues."[2] As a result of those violations, the trial court revoked defendant's probation and sentenced him to a net of 60 months' incarceration, to be followed by 36 months' post-prison supervision. The trial court denied defendant AIP eligibility on the ground that defendant's probation history demonstrated that defendant was not a "good fit" for an AIP and that defendant did not have "any chance of completing the program." In so doing, the trial court rejected defendant's contention that it was required to find "substantial and compelling reasons" to deny AIP eligibility to defendant. On appeal, defendant assigns error to the trial court's determination that he was not eligible for AIPs, arguing that ORS 137.750(1) required the trial court to find "substantial and compelling reasons" to deny eligibility, and

---

[1] AIPs are prison programs that the Department of Corrections (DOC) offers to select offenders. As DOC rules explain, an AIP is a "highly structured corrections program that includes intensive interventions, rigorous personal responsibility and accountability, physical labor, and service to the community." OAR 291-062-0110(1). AIPs have two phases: (1) a 180-day residential phase, and (2) a 90-day "non-prison/transitional leave" phase. Offenders who complete a full AIP are eligible for sentence reductions. Oregon Department of Corrections, Issue Brief - 2013, *Alternative Incarceration Programs* (May 23, 2013).

In referring to a trial court's determination regarding "eligibility for AIPs" and "AIP eligibility," we refer to the trial court's decision under ORS 137.751 as to whether an offender is eligible for early release under ORS 421.508(4) following the successful completion of an AIP. Ultimately, the DOC determines which offenders can participate in AIPs. ORS 421.508(1)(a). However, absent a trial court's determination under ORS 137.751 of eligibility for release under ORS 421.508(4), an offender is not eligible for early release as a result of participation in an AIP. *Id.*

[2] The record reflects that defendant faked a heart attack to avoid submitting a required urine sample.

that the trial court erred by not making those findings. We review for legal error the trial court's determination that it was not required to find "substantial and compelling reasons" to deny eligibility for AIPs, and affirm.

Had defendant committed his offenses before January 1, 2009, he would be correct about what findings the trial court needed to make to deny AIP eligibility. Before that date, ORS 137.750(1) (1997), *amended by* Or Laws 2008, ch 35, § 2 (Spec Sess), governed the determination of whether a defendant was eligible for AIPs, among other things. It provided:

> "When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release, *alternative incarceration program* or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, *unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or programs.*"

ORS 137.750(1) (1997) (emphases added). That is, the statute *required* a trial court to order a defendant's eligibility for, among other things, AIPs, *unless* the trial court found "substantial and compelling reasons" to deny eligibility.

In 2008, the legislature changed the process for determining eligibility for AIPs by passing House Bill (HB) 3638.[3] That measure (1) amended ORS 137.750 to eliminate all references to AIPs[4] and (2) enacted ORS 137.751 to govern AIP eligibility going forward. *See* Or Laws 2008, ch 35, § 2

---

[3] Defendant is not the only one to have overlooked this statutory change in procedure. *See State v. Goodenough*, 264 Or App 211, 331 P3d 1076 (2014).

[4] As amended, that statute now reads, in relevant part:

"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release, ~~alternative incarceration program~~ or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, unless the court finds on

(Spec Sess) (removing references to AIPs in ORS 137.750); Or Laws 2008, ch 35, § 1 (Spec Sess) (enacting ORS 137.751). The newly-enacted statute provides, in relevant part:

"(1)   When a court sentences a defendant to a term of incarceration that exceeds one year, *the defendant may request a determination of the defendant's eligibility for release on post-prison supervision under ORS 421.508 (4).*[5] The court *shall order* in the judgment that the Department of Corrections may release the defendant on post-prison supervision under ORS 421.508 (4) *only if, after a hearing, the court finds that*:

"(a)   The defendant meets the eligibility requirements of subsections (2) and (3) of this section;

"(b)   The defendant was not on probation, parole or post-prison supervision for an offense listed in ORS 137.712 (4) or 811.705 (2)(b) at the time of the commission of the current crime of conviction;

"(c)   The defendant has not previously been released on post-prison supervision under ORS 421.508 (4);

"(d)   The harm or loss caused by the crime is not greater than usual for that type of crime;

"(e)   The crime was not part of an organized criminal operation; and

"(f)   After considering the nature of the offense and the harm to the victim, the defendant's successful completion of the program would:

"(A)   Increase public safety;

"(B)   Enhance the likelihood that the defendant would be rehabilitated; and

"(C)   Not unduly reduce the appropriate punishment."

ORS 137.751(1) (emphases added).

---

the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or ~~programs~~ **program**."

ORS 137.750(1) (strikethrough indicates omissions; bold text indicates additions).

[5] ORS 421.508(4) permits the DOC to release an offender on post-provision supervision after successful completion of a "special alternative incarceration program," ORS 421.502(3), if (1) the trial court entered an order under ORS 137.751, and (2) the offender served at least a one-year term of incarceration.

As a result of the passage of HB 3638, ORS 137.750(1) no longer governs a trial court's determination of a defendant's eligibility for AIPs; ORS 137.751(1) does. And, under that statute, a trial court is no longer obligated to consider a defendant's eligibility for AIPs at the time of sentencing; instead, it is up to the defendant to affirmatively request such consideration. *See* ORS 137.751(1) (providing that "the defendant *may request* a determination of the defendant's eligibility for release on post-prison supervision" (emphasis added)). Additionally, the state no longer must prove—and a trial court no longer must find—"substantial and compelling reasons" to deny eligibility; rather, the burden is on the defendant to show that the specified eligibility requirements are met. If the court agrees, it must make findings with respect to those statutory requirements. *See* ORS 137.751(1)(a)-(f) (specifying requisite findings for an order of eligibility). As one proponent of the measure, the public safety advisor to then-Governor Kulongoski, explained to legislators:

> "It's very clear that we are *reversing the presumption which is now on the state* to prove by clear and compelling circumstances that the defendant should not be eligible. What we're doing in section one is saying that *the burden is the defendant's to articulate why they should be considered* and, with respect to those findings that the court needs to make, if all of the other eligibility requirements are met, that's going to be an issue of judicial discretion."[6]

Testimony, House Committee on Judiciary, HB 3638, Feb 15, 2008 (statement of Joe O'Leary) (emphases added).

---

[6] The staff measure summaries for HB 3638, although not officially adopted or endorsed by committee members, reflect the same interpretation of the bill. One summary indicated that the changes would "[r]everse[] the current presumption that an offender is eligible for the AIP program so that the court must make a finding that the offender be considered for the program." Staff Measure Summary for HB 3638-B, Joint Committee on Ways and Means, HB 3638, Feb 19, 2008, 1. Instead, "[t]he defendant who is sentenced to more than one year in prison must request that the court consider the defendant's eligibility for early release from prison upon the defendant's successful completion of [the] DOC's AIP program." *Id.*; *see also* Staff Measure Summary for HB 3638 A, House Committee on Judiciary, HB 3638, Feb 15, 2008, 1 (the bill would "[r]equire[] a defendant sentenced to more than one year in prison to request that the court consider the defendant's eligibility for early release from prison upon the defendant's successful completion of the [DOC's] alternative incarceration program").

Again, as a result of these legislative changes, a trial court is no longer required to find "substantial and compelling reasons" to deny eligibility for AIPs. For that reason, the trial court in this case correctly concluded that it was not required to find "substantial and compelling reasons" to deny defendant's eligibility for AIPs, and did not err by denying eligibility for AIPs without making such findings.

Affirmed.