Submitted May 29, affirmed July 9, petition for review denied October 23, 2014
(356 Or 400)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CARRIE DAWN GOODENOUGH,
*Defendant-Appellant.*

Marion County Circuit Court
13C40176; A154308

331 P3d 1076

Peter Gartlan, Chief Defender, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

**LAGESEN, J.**

The issue on this appeal is whether the trial court erred when it determined defendant's eligibility for alternative incarceration programs (AIPs) and early release under ORS 421.508(4)[1] under the statutory framework that governed that determination for offenses committed before January 1, 2009. We conclude that the trial court erred by applying the former statutory framework rather than the current statutory framework, but affirm because defendant was "actively instrumental" in bringing about that error and therefore invited it.

Defendant was convicted of multiple offenses, including first-degree burglary as charged in Count 1 of the indictment. At sentencing, defendant requested that the trial court determine that she was eligible for AIPs. The state argued that the court should deny AIP eligibility for "substantial and compelling reasons," namely, defendant's "persistent involvement in * * * past sanctions."[2] Defendant,

---

[1] AIPs are prison programs that the Department of Corrections (DOC) offers to select offenders. As DOC rules explain, an AIP is a "highly structured corrections program that includes intensive interventions, rigorous personal responsibility and accountability, physical labor, and service to the community." OAR 291-062-0110(1). AIPs have two phases: (1) a 180-day residential phase, and (2) a 90-day "non-prison/transitional leave" phase. Offenders who complete a full AIP are eligible for sentence reductions. Oregon Department of Corrections, Issue Brief - 2013, *Alternative Incarceration Programs* (May 23, 2013).

In referring to a trial court's determination regarding "eligibility for AIPs" and "AIP eligibility," we refer to the trial court's decision under ORS 137.751 as to whether an offender is eligible for early release under ORS 421.508(4) following the successful completion of an AIP. Ultimately, the DOC determines which offenders can participate in AIPs. ORS 421.508(1)(a). However, absent a trial court's determination under ORS 137.751 of eligibility for release under ORS 421.508(4), an offender is not eligible for early release as a result of participation in an AIP. *Id.*

[2] Specifically, the state contended:

"This is a defendant who has had her chance. She [has had] [Department of Human Services] intervention. She's had opportunities to clean up. She's been on many different probations. She's served small amounts of jail time before, and yet she engaged in this kind of enterprise of burglarizing and just taking people's property and harming countless more victims than are captured in this indictment.

"* * * * *

"AIP would allow her to complete her sentence outside the institution, and a lot of it would essentially be on the same type of probation or same types of supervision that she has been on thus far. It could happen almost

in response, asserted that "it's our position that there are not essential and compelling reasons to deny AIP for good time[.]" The trial court denied AIP eligibility with respect to Count 1. The court explained:

> "And I would find that on count 1, because there are multiple victims, I would order that there be 936 program[s],[3] *but I find substantial and compelling reason[s] to order that AIP would not be appropriate on count 1.* All right. As a separate criminal episode and separate victims."

(Emphasis added.)

On appeal, defendant assigns error to the trial court's denial of AIP eligibility with respect to Count 1. She argues that the trial court applied the wrong legal framework to determine her eligibility for AIPs when it used the "substantial-and-compelling-reasons" test under ORS 137.750(1),[4] and that the trial court instead should have applied the criteria in ORS 137.751(1)[5] to assess her eligibility for AIPs.

---

immediately, and so she would be re-released into the community * * *. We wouldn't have the deterrence, or, quite frankly, the punishment in this case."

[3] Also described as "936 credits," "936 program[s]" refers to the early-release and sentence-reduction programs authorized by Senate Bill (SB) 936 (1997).

[4] ORS 137.750(1) provides:

"When a court sentences a defendant to a term of incarceration upon conviction of a crime, the court shall order on the record in open court as part of the sentence imposed that the defendant may be considered by the executing or releasing authority for any form of temporary leave from custody, reduction in sentence, work release or program of conditional or supervised release authorized by law for which the defendant is otherwise eligible at the time of sentencing, *unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program.*"

(Emphasis added.)

[5] ORS 137.751(1) provides:

"(1) When a court sentences a defendant to a term of incarceration that exceeds one year, the defendant may request a determination of the defendant's eligibility for release on post-prison supervision under ORS 421.508 (4). The court shall order in the judgment that the Department of Corrections may release the defendant on post-prison supervision under ORS 421.508 (4) only if, after a hearing, the court finds that:

"(a) The defendant meets the eligibility requirements of subsections (2) and (3) of this section;

"(b) The defendant was not on probation, parole or post-prison supervision for an offense listed in ORS 137.712 (4) or 811.705 (2)(b) at the time of the commission of the current crime of conviction;

We agree that the trial court applied the wrong legal test to determine defendant's eligibility for AIPs. However, defendant not only failed to preserve that issue for appeal, but she also affirmatively invited any error. Accordingly, we affirm.

The trial court's decision is consistent with the statutory framework as it existed for offenses committed prior to January 1, 2009. Prior to that date, ORS 137.750(1) (1997), *amended by* Or Laws 2008, ch 35, § 2 (Spec Sess), governed the determination of whether a defendant was eligible for AIPs. As we observed in *State v. Cross*, 264 Or App 205, 207, 331 P3d 1073 (2014), that statute "*required* a trial court to order a defendant's eligibility for, among other things, AIPs, *unless* the trial court found 'substantial and compelling reasons' to deny eligibility." (Emphases in original.) In 2008, however, the legislature enacted House Bill (HB) 3638 and altered the process for determining AIP eligibility. Under the current statutory framework, ORS 137.751(1), not ORS 137.750(1), governs a trial court's determination of a defendant's eligibility for AIPs.[6] *See* Or Laws 2008, ch 35, § 2 (Spec Sess) (removing references to AIPs in ORS 137.750); Or Laws 2008, ch 35, § 1 (Spec Sess) (enacting ORS 137.751). Under ORS 137.751(1), "[T]he state no longer must prove—and a trial court no longer must find—'substantial and compelling reasons' to deny eligibility; rather, the burden is on the defendant to show that the specified eligibility requirements are met." *Cross*, 264 Or App at 209.

---

"(c) The defendant has not previously been released on post-prison supervision under ORS 421.508 (4);

"(d) The harm or loss caused by the crime is not greater than usual for that type of crime;

"(e) The crime was not part of an organized criminal operation; and

"(f) After considering the nature of the offense and the harm to the victim, the defendant's successful completion of the program would:

"(A) Increase public safety;

"(B) Enhance the likelihood that the defendant would be rehabilitated; and

"(C) Not unduly reduce the appropriate punishment."

[6] Defendant was not the only party to have overlooked this statutory change during trial. The state, like defendant, also appears to have assumed that "substantial and compelling reasons" were required to deny defendant AIP eligibility. They are not alone. *See Cross*, 264 Or App 205.

In denying AIP eligibility on the ground that there were "substantial and compelling reason[s]" to do so, the trial court erroneously applied the statutory framework set forth in ORS 137.750(1). However, the general rule is that if an appellant "'was actively instrumental in bringing about' the error, then the appellant 'cannot be heard to complain, and the case ought not to be reversed because of it.'" *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006) (quoting *Anderson v. Oregon Railroad Co.*, 45 Or 211, 216-17, 77 P 119 (1904)). Here, defendant's conduct was actively instrumental in bringing about that error; both defendant and the state invoked the "substantial-and-compelling-reasons" framework of ORS 137.750(1) in arguing the issue of defendant's AIP eligibility to the trial court, and neither party alerted the court that the framework for determining eligibility for AIPs had changed. For that reason, we decline to reverse.

Affirmed.