Submitted May 8, 2019, reversed and remanded July 22, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARCUS LAMAR GANT,
aka Marcus Gant,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR02080; A164964

468 P3d 509

Gregory F. Silver, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the opening brief, the reply brief, and a supplemental brief for appellant. Marcus L. Gant filed a supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Landau, Senior Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Defendant appeals a judgment of conviction for two counts of attempted aggravated murder (Counts 1 and 2); one count of second-degree assault with a firearm (Count 3); and one count of unlawful use of a weapon—firearm (Count 6). The convictions on all counts were nonunanimous. He contends that (1) the trial court erred in denying his demurrer to Counts 1 and 2; (2) the court erred in admitting certain internet records; (3) the court plainly erred by instructing the jury that it could return nonunanimous verdicts; and (4) the court plainly erred in accepting the jury's nonunanimous verdicts on Counts 1, 2, 3, and 6.

Defendant's contention that the trial court erred in denying his demurrer to Counts 1 and 2 is founded on an argument identical to the one we rejected today in *State v. Kyger*, 305 Or App 548, 471 P3d 764 (2020), and we reject it for that reason. We also reject without discussion defendant's contention that the trial court erred by admitting certain internet records.

Defendant is, however, entitled to reversal of his convictions. As the state concedes, in view of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020), the trial court plainly erred when it accepted the nonunanimous verdict on each count of conviction. And for the reasons set forth in *Ulery*, we exercise our discretion to correct the error in this case.

Reversed and remanded.