Submitted September 11, 2019, affirmed February 18, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY RAY HOLYCROSS,
*Defendant-Appellant.*

Washington County Circuit Court
17CR37337; A166533

481 P3d 977

Beth L. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

For his role in detonating a pipe bomb near the home of his former wife and her new partner, defendant was convicted by a jury of, among other things, two counts of attempted aggravated murder, Counts 3 and 4, ORS 163.095. The verdicts on all counts were unanimous. For the reasons that follow, we affirm.

In the first assignment of error, defendant contends that the trial court plainly erred by not instructing the jury that it had to concur as to whether defendant committed the charged acts as a principal or, instead, as an accomplice. But, as the state points out, the jury was not instructed on aiding-and-abetting liability because *defendant* objected to the jury being so instructed. It is not plain that the court, having agreed with defendant that the jury should not be instructed on an aid-and-abet theory of liability at all, was obligated, as a matter of law, to nonetheless instruct the jury that it needed to concur as to whether defendant was liable as a principal or, instead, as an accomplice. In any event, by persuading the court *not* to instruct the jury on aiding-and-abetting liability, defendant was actively instrumental in inducing the court to omit the concurrence instruction that would have been required if the jury had been instructed on accomplice liability as the state had requested. For that reason, the alleged error, if error, is not a reversible one. *State v. Goodenough*, 264 Or App 211, 215, 331 P3d 1076, *rev den*, 356 Or 400 (2014) ("[T]he general rule is that if an appellant was actively instrumental in bringing about the error, then the appellant cannot be heard to complain, and the case ought not to be reversed because of it." (Internal quotation marks omitted.)).

In the second and third assignments of error, defendant contends that the trial court erred in denying his demurrer as to Counts 3 and 4. That contention is predicated on an argument identical to the one we rejected in *State v. Kyger*, 305 Or App 548, 471 P3d 764 (2020), and *State v. Gant*, 305 Or App 597, 468 P3d 509 (2020), and we reject it for that reason.

Defendant's final contention, in a supplemental assignment of error, is that the trial court erred when it

instructed the jury that it could convict by nonunanimous verdicts. Defendant contends that the error requires reversal even though the jury's verdicts in this case were unanimous. Although the instruction was, indeed, erroneous, because the verdicts were unanimous, the error does not entitle defendant to reversal. *See State v. Flores Ramos*, 367 Or 292, 294, 334, 478 P3d 515 (2020) (holding that error in instructing the jury that it could return nonunanimous guilty verdicts did not require reversal of convictions rendered by unanimous guilty verdicts); *State v. Kincheloe*, 367 Or 335, 339, 478 P3d 507 (2020) (same).

Affirmed.