84 April 17, 2024 No. 240

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN BLAKE MUELLER,
*Defendant-Appellant.*

Lincoln County Circuit Court
22CR19975; A179821

Amanda R. Benjamin, Judge.

Submitted March 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction challenging his sentence following a guilty plea to two counts of aggravated identity theft, ORS 165.803, one count of computer crime, ORS 164.377(2), two counts of first-degree criminal possession of a forged instrument, ORS 165.022, two counts of possession of a false law enforcement identification card, ORS 162.369, and one count of unauthorized use of a vehicle, ORS 164.135. The trial court sentenced defendant to a total prison term of 60 months.

On appeal, in a single assignment of error, defendant claims that the trial court erred in determining that he was ineligible for alternative incarceration programs (AIPs) under ORS 137.751(1).[1] The trial court ruled that defendant did not meet the eligibility requirements, because it could not "make [a] finding" that defendant's crimes were "not part of an organized criminal operation" pursuant to ORS 137.751(1)(e). For the reasons explained below, we affirm.

As an initial matter, we assume without deciding that defendant preserved the issue that he raises on appeal. We review for legal error a trial court's determination regarding eligibility for AIPs. *Cf. State v. Hikes*, 261 Or App 30, 32-33, 323 P3d 298, *rev den*, 355 Or 380 (2014) (reviewing for legal error the trial court's determination that the defendant was not eligible for sentence modification programs under ORS 137.750). AIPs "are prison programs that the Department of Corrections (DOC) offers to select offenders." *State v. Cross*, 264 Or App 205, 206 n 1, 331 P3d 1073, *rev den*, 356 Or 400 (2014). They are "highly structured" programs that include "intensive interventions, rigorous personal responsibility and accountability, and service to the community." OAR 291-062-0110(2).

---

[1] In referring to the trial court's determination regarding eligibility for AIPs, we refer to the trial court's decision under ORS 137.751 as to whether defendant was eligible for early release under ORS 421.508(4) following the successful completion of an AIP. Ultimately, the Department of Corrections determines which offenders can participate in AIPs. ORS 137.751 governs whether an offender who completes such programs is eligible for early release as a result of program completion. *State v. Cross*, 264 Or App 205, 206 n 1, 331 P3d 1073, *rev den*, 356 Or 400 (2014).

ORS 421.508 addresses eligibility for participation in such programs. When an offender successfully completes a program, then the DOC may release the offender on post-prison supervision if certain conditions are satisfied. ORS 421.508(4). One such condition is that the trial court has entered an order finding, among other things, that "[t]he crime was not part of an organized criminal operation." ORS 137.751(1)(e). When a defendant asks the court to determine eligibility under ORS 137.751(1), "the burden is on the defendant to show that the specified eligibility requirements are met." *Cross*, 264 Or App at 209.

On appeal, defendant argues that the trial court erred in declining to order that he was eligible for programs because there was no evidence that he was part of an organized criminal operation. Having reviewed the factual basis for defendant's plea, and the facts discussed at sentencing, we are not persuaded that the trial court erred when it ruled that defendant did not meet his burden of demonstrating that his crimes were not part of an organized criminal operation.

The factual basis for defendant's plea and the facts discussed at sentencing reflect that the police obtained a search warrant after they received a tip that two fugitives with warrants were staying at a casino in Lincoln City. When police executed a search warrant on the hotel room, police found at least 20 identification cards, some of which were fictitious and some of which belonged to real people. There were about 52 different names on the pieces of identification. Defendant had checked into the hotel under a false name. Defendant had a "player's club card" for the casino under that false name, he had gambled approximately $270,000, and he paid for the hotel room using reward points from the card. In the room, police found forged checks, two law-enforcement identification cards, a laptop, printer, scanner, card reader, a laminator, and plastic material for the laminator.

When police searched defendant's car, they found counterfeit checks, check stock for printing checks, credit cards, computers, printers, digital cameras, and printed license plates. There were 22 endorsed checks and 64

"non-endorsed" checks in names that matched the identification cards that were found.

When police searched defendant's van, which defendant had rented from U-Haul using a fake identification in Arizona, and which was described as a "mobile counterfeiting office," police found other equipment used to create fake identifications and fraudulent checks. The van had been "cleaned on the outside" of U-Haul stickers or identification, and the van's license plates and VIN plate had been removed and replaced.

Considering those circumstances, we are not persuaded that the trial court erred when it concluded that it could not find that defendant's crimes were not part of an organized criminal operation.

In arguing otherwise, defendant relies on *State v. Rodriguez*, 122 Or App 117, 856 P2d 339 (1993), which addressed aggravating factors that can justify an upward departure from a presumptive sentence. One such aggravating factor is whether the crime was part of an "organized criminal operation," which, based on commentary defining that term contained in the *Oregon Sentencing Guidelines Implementation Manual* 131 (1989), we construed as requiring "an entity that has some structure *or* identity apart from the individual participants." *Rodriguez*, 122 Or App at 120 (emphasis in original).[2] Defendant argues that the phrase "organized criminal operation" should be construed in the same way in ORS 137.751(1)(e). However, defendant fails to explain why our interpretation of the same phrase when used in an administrative rule addressing aggravating sentencing factors should apply here. *See State v. Brand*, 257 Or App 647, 651, 307 P3d 525 (2013) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself." (Citations and internal quotation marks omitted;

---

[2] *Rodriguez* cites administrative rules that are no longer in effect. Under OAR 213-008-0002, which has been in effect since January 1, 2020, whether the crime "was part of an organized criminal operation" is listed as an aggravating factor. Under ORS 137.671(1), a court may impose a sentence outside the presumptive sentence if it finds that there are substantial and compelling reasons to do so.

brackets in original.)). And, in any event, by offering nothing to show that the crimes *were not* part of an organized crime operation, defendant failed to satisfy his burden to show that he was AIP eligible.

Thus, we conclude that the trial court did not err when it determined that defendant failed to meet his burden to show that he met the eligibility requirements in ORS 137.751(1). Considering the nature and extent of the equipment and items found, as well as the sophistication of defendant's operation, there was no error in the trial court's decision not to enter the order described in ORS 137.751(1). We therefore affirm.

Affirmed.