716 November 13, 2025 No. 968

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LONDON MARSHALL-LAUTT,
*Defendant-Appellant.*

Washington County Circuit Court
21CR58168; A180406

Kathleen J. Proctor, Judge.

Submitted June 12, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant was convicted of failure to perform the duties of a driver to injured persons, ORS 811.705, and appeals from a supplemental judgment imposing restitution. In his sole assignment of error, defendant argues that the trial court erred in ordering restitution because the state presented legally insufficient evidence to justify the award. As explained below, although defendant recognizes that ORS 811.706 "grants the court authority to award restitution" when a person is convicted of failing to perform the duties of a driver, ORS 811.705, defendant fails to develop any argument under ORS 811.706 that the evidence was insufficient for the trial court to award restitution. Instead, defendant's argument focuses on the standard for restitution set forth in ORS 137.106, which is inapplicable in this case.[1] Because defendant's argument concerning ORS 811.706 is undeveloped, we do not reach it, and for that reason, we affirm.

The relevant facts are undisputed and relatively few. While driving, defendant struck and injured a construction flagger causing significant injuries and ultimately pleaded guilty to failure to perform the duties of a driver to injured persons, ORS 811.705(3)(a). At the restitution hearing, the victim testified that the collision caused him to fly "across the other side of the road into the ditch," where he landed and shattered his elbow. SAIF, which was the insurer for the victim's employer, paid over $105,000 for medical bills and temporary disability payments. Because SAIF recovered over $99,000 of that amount as part of a civil settlement between defendant's insurer and the victim, the state requested approximately $5,000 in restitution as the remaining balance for the amount SAIF paid. Ultimately, the trial court entered a supplemental judgment ordering defendant to pay $5,236.31 in restitution to SAIF, and this timely appeal follows.

On appeal, defendant recognizes that restitution in this case is governed by ORS 811.706, but he focuses his argument on whether the evidence satisfied the standard

---

[1] ORS 137.106 has been amended since the underlying conduct giving rise to restitution in this case. Or Laws 2022, ch 57, § 1. However, because the amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

for restitution set forth in ORS 137.106(1), which requires the state to prove "economic damages" as defined by ORS 31.710 (2019), *amended by* Or Laws 2021, ch 478, § 1.[2] The state remonstrates that defendant "has failed to develop an argument that the restitution award was improper under ORS 811.706." We agree with the state's contention.

As an initial matter, the trial court incorrectly applied ORS 137.106 instead of ORS 811.706. The supplemental judgment in this case provides that the state had "completed an investigation regarding the nature and amount of damages pursuant to ORS 137.106" and that the victim had "sustained economic damages." However, when a defendant is convicted under ORS 811.700 or ORS 811.705, the provisions of ORS 137.106 do not apply; rather, ORS 811.706 "governs the trial court's authority to order restitution."[3] *State v. Moore*, 243 Or App 199, 201-02, 258 P3d 1249 (2011) (concluding that ORS 137.106 was "inapplicable" when the defendant was convicted under ORS 811.700). As we explained in *State v. Webster*, 220 Or App 531, 535, 188 P3d 329, *rev den*, 345 Or 318 (2008), the nature of the court's findings differs:

> "The finding that the trial court must make in order to impose accident-related restitution under ORS 811.706 is not about the damage caused by the defendant in committing the crime of conviction—it is about the damage caused by the defendant in the incident that gave rise to the defendant's duties as a driver under ORS 811.700."

The same analysis applies when the conviction—like in this case—arises from ORS 811.705. In short, ORS 811.706

---

[2] Under ORS 137.106(1)(a), "[w]hen a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing *** evidence of the nature and amount of the damages." In turn, economic damages are "objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, *** [and] loss of income and past and future impairment of earning capacity[.]" ORS 31.710(2)(a) (2019). However, under ORS 137.103(2)(a), economic damages as used in the general restitution statutes does not include future impairment of earning capacity.

[3] ORS 811.706 provides:

"When a person is convicted of violating ORS 811.700 or 811.705, the court, in addition to any other sentence it may impose, may order the person to pay an amount of money equal to the amount of any damages caused by the person as a result of the incident that created the duties in ORS 811.700 or 811.705."

governs the standards for imposition of restitution arising from a conviction under both ORS 811.700 and ORS 811.705. With that clarification, we turn to defendant's assignment of error.

On appeal, as noted, defendant recognizes that ORS 811.706 "grants the court authority to award restitution" when a person is convicted of failing to perform the duties of a driver, ORS 811.705, but he does not develop any argument as to whether there was sufficient evidence to support the trial court's imposition of restitution under ORS 811.706, instead focusing on ORS 137.106. Because defendant does not develop an argument that restitution was improper under the appropriate statute—the standard in ORS 811.706—we affirm. *See Cunningham v. Thompson*, 188 Or App 289, 297 n 2, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004) (explaining that, "[o]rdinarily, the appellate courts of this state will decline to address an undeveloped argument"); *see also Moore*, 243 Or App at 202 (concluding that, because ORS 137.106 "is inapplicable under these circumstances and because defendant has not made any argument—either before the trial court or on appeal—that the order of restitution was not authorized by ORS 811.706, we affirm").[4]

Affirmed.

---

[4] On appeal, defendant does not argue that the trial court erroneously considered the standard set forth in ORS 137.106 in awarding restitution in this case. Nor could he, because to the extent that the trial court erred, that error was invited by defendant when defendant invoked the incorrect statutory framework in the trial court. *See State v. Goodenough*, 264 Or App 211, 215, 331 P3d 1076, *rev den*, 356 Or 400 (2014) (concluding that the defendant invited the error when she and the state invoked the incorrect statutory framework).