Submitted February 27; supplemental judgment vacated and remanded, otherwise affirmed April 5, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARIBEL RODRIGUEZ,
*Defendant-Appellant.*

Washington County Circuit Court
D151569M; A160356

393 P3d 1199

Ernest G. Lannet, Chief Defender, and Sarah De La Cruz, Deputy Public Defender, Criminal Appellate Section, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Shorr, Judge, and Linder, Senior Judge.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for harassment and a supplemental judgment requiring defendant to pay $2,893.20 in restitution to the victim for her out-of-pocket medical expenses and lost wages. ORS 137.106.[1]

In ordering restitution, the trial court had concluded that, based on then-current case law, a causal connection existed between defendant's criminal conduct and the victim's economic damages because that conduct was the "but-for" cause of the victim's injury. After the entry of the restitution judgment, the Supreme Court decided *State v. Ramos*, 358 Or 581, 368 P3d 446 (2016). In *Ramos*, the Supreme Court concluded that ORS 137.106 "impose[s] a requirement of reasonable foreseeability that is, as a general matter, a factual question for the court." 358 Or at 597. The court explained that the economic damages must "'result from' a defendant's criminal activity in the 'but-for' sense and also must be a reasonably foreseeable result of the defendant's criminal activities." *Id.* at 603.

On appeal, defendant challenges the court's imposition of restitution based on *Ramos*. Defendant argues that the court erred in ordering restitution because the victim's injury was not a reasonably foreseeable result of defendant's criminal conduct. Defendant asserts that, in rejecting her argument that reasonable foreseeability applied, the trial court had nonetheless found that the victim's injury was not a reasonably foreseeable result of her conduct, and, thus, we should reverse the court's imposition of restitution based on that finding. The state agrees that *Ramos* applies here, but argues that the trial court has not yet determined, in the first instance, whether the victim's injury was reasonably foreseeable in light of the law announced in *Ramos*. The

---

[1] ORS 137.106 provides, in part:

"When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court * * * evidence of the nature and amount of the damages. * * * If the court finds from the evidence presented that a victim suffered economic damages, * * * the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."

state requests that we remand this case for the trial court to make that finding.

In this case, although the trial court indicated in response to defendant's argument that it might not find that the victim's injury was reasonably foreseeable, the trial court declined to make that finding because it concluded that it did not have to do that under the then-current case law. Because the court did not to make the finding that *Ramos* now requires, the trial court erred. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) ("Error, in general, must be determined by the law existing at the time the appeal is decided, and not as of the time of trial."). Under those circumstances, we agree with the state that the appropriate disposition is a remand to the trial court for it to make that finding in the first instance. *Compare Ramos*, 358 Or at 598 ("An argument that [economic damages] were not reasonably foreseeable must be made, in the first instance, to a trial court for its factual determination."), *with State v. Alonso*, 284 Or App 512, 520, 393 P3d 256 (2017) (reversing compensatory fine where record was insufficient to permit trial court to make a finding that the economic damages were reasonably foreseeable).

Supplemental judgment vacated and remanded; otherwise affirmed.