Submitted March 28, 2016, affirmed August 16, 2017, petition for review allowed January 18, 2018 (362 Or 389)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JORGE GUTIERREZ-MEDINA,
*Defendant-Appellant.*

Marion County Circuit Court
13C44943; A157141

403 P3d 462

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII) and third-degree assault. As part of his sentence, the trial court ordered defendant to pay restitution in the amount of $154,827.63 for medical treatment that the assault victim had received for the victim's injuries. On appeal, defendant challenges the restitution order, arguing that the trial court erred when it refused to reduce the restitution amount based on the comparative fault of the victim. We conclude that the statutory comparative-fault scheme does not apply to the criminal restitution statute, ORS 137.106. Accordingly, we affirm.

The background facts are few and undisputed. Defendant was driving under the influence of intoxicants at night when he struck a pedestrian—the victim—who had entered the roadway in an area that was dark and not marked for pedestrian crossing. Defendant pleaded guilty to DUII and third-degree assault. As part of his plea, defendant admitted that he "recklessly caused serious physical injury to [the victim] by means of a motor vehicle, a dangerous weapon, while [he] drove on a public road under the influence of intoxicants."

The state sought restitution from defendant in the amount of $179,827.63 for the victim's medical bills, which included $31 for the Department of Human Services, and $179,796.63 for the victim's health insurer. At the restitution hearing, defendant objected to the requested restitution amount on two bases. First, defendant argued that the trial court should apply the civil-law concept of comparative fault and order defendant to pay only that amount of damages that represented his percentage of fault for the victim's injuries. To support that argument, defendant presented testimony from Webb, an expert in forensic accident investigation. Webb testified about his analysis of the accident and concluded that, based on the circumstances, a sober driver would not have been able to avoid the collision with the victim, and the victim was in the best position to have avoided the collision. Second, defendant argued that the final restitution amount awarded by the court should be reduced by

$25,000, representing an insurance settlement that the victim had received for his injuries.

In a letter opinion, the trial court concluded that the total restitution award would be offset by the $25,000 settlement. With regard to comparative fault, the court concluded that the criminal restitution statute did not encompass comparative fault and, because defendant had admitted when he pleaded guilty to third-degree assault that he had caused the victim's injuries, defendant could not relitigate causation for purposes of restitution. Accordingly, the court ordered defendant to pay $154,827.63 in restitution.

On appeal, defendant argues that the trial court erred when it refused to apply comparative fault to the restitution ordered in his case.[1]

The trial court's award of restitution is governed by ORS 137.106, which provides, in part:

"(1)(a)   When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. * * * If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court. * * *

---

[1] After the parties submitted their briefs, the Supreme Court decided *State v. Ramos*, 358 Or 581, 368 P3d 446 (2016), *State v. Islam*, 359 Or 796, 377 P3d 533 (2016), and *State v. Gerhardt*, 360 Or 629, 385 P3d 1049 (2016), all of which address criminal restitution under ORS 137.106. In a supplemental memorandum, defendant requests that we remand this case to the trial court to reconsider its restitution award in light of those cases. We decline to do that. On appeal, defendant seeks resolution of an issue of law—whether civil comparative fault applies to criminal restitution—and not an issue of fact that we would require the trial court to address in the first instance. *See Ramos*, 358 Or at 598 (stating that "[a]n argument that [economic damages] were not reasonably foreseeable must be made, in the first instance, to a trial court for its factual determination"); *State v. Rodriguez*, 284 Or App 652, 654, 393 P3d 1199 (2017) (remanding for trial court to address in the first instance the factual question of whether the victim's economic damages were reasonably foreseeable).

"(b)  Notwithstanding paragraph (a) of this subsection, a court may order that the defendant pay the victim restitution in a specific amount that is less than the full amount of the victim's economic damages only if:

"(A)  The victim * * * consents to the lesser amount, if the conviction is not for a person felony; or

"(B)  The victim * * * consents in writing to the lesser amount, if the conviction is for a person felony."

For purposes of ORS 137.106, "economic damages" "[h]as the meaning given that term in ORS 31.710, except that 'economic damages' does not include future impairment of earning capacity." ORS 137.103(2)(a). In turn, ORS 31.710(2)(a) defines "economic damages" as

"objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past and future impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

Thus, "there are three prerequisites to an order of restitution: (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." *State v. Pumphrey*, 266 Or App 729, 733, 338 P3d 819 (2014), *rev den*, 357 Or 112 (2015).

With regard to "economic damages," the Supreme Court has recently stated that "neither ORS 137.106 nor the definition of economic damages in ORS 31.710(2)(a) requires that the damages awarded in restitution be the damages that would be recoverable in a civil action," because "[t]he statute requires only that the damages be 'objectively verifiable monetary losses' that 'result from' a defendant's criminal activity." *State v. Ramos*, 358 Or 581, 588, 368 P3d 446 (2016). The Supreme Court further concluded, however, that "the legislature's cross-reference to the definition of 'economic damages' applicable in civil actions, and the

legislature's purpose in creating the restitution procedure as a substitute for a civil proceeding, make civil law concepts relevant to our interpretation of ORS 137.106." *Id.* at 594. However, in so recognizing that principle, the Supreme Court noted that it did "not mean to imply that the recovery of 'economic damages' makes a restitution proceeding into a civil proceeding. Restitution is a penalty that serves a penal purpose." *Id.* at 599 n 11.

Here, defendant argues that the civil concept of comparative fault must be applied to the award of restitution in his case. Oregon's comparative-fault scheme, ORS 31.600 to 31.620, applies to nonintentional torts. *See Shin v. Sunriver Preparatory School, Inc.*, 199 Or App 352, 379, 111 P3d 762, *rev den*, 339 Or 406 (2005) (comparative fault applies to those torts to which contributory negligence was a valid defense at common law). Under that scheme, when the trier of fact determines that multiple people listed in ORS 31.600(2)—*viz.*, the claimant, any party against whom recovery is sought, and any third party liable in tort to the claimant—were negligent and the conduct of each was a cause of the claimant's injuries, the trier of fact is then required to determine the relative fault of those persons "and to apportion the [claimant's] damages [among] them on that basis." *Lasley v. Combined Transport, Inc.*, 351 Or 1, 13, 261 P3d 1215 (2011); *see* ORS 31.605(1) (when requested by a party, the trier of fact determines the claimant's total damages and "the degree of fault of each person specified in ORS 31.600(2) * * * expressed as a percentage of the total fault"); ORS 31.610(2) (directing the trial court to "determine the award of damages to each claimant in accordance with the percentages of fault determined by the trier of fact under ORS 31.605").

In contending that the comparative-fault scheme applies to criminal restitution, defendant reasons first that, under ORS 137.106, a trial court is required to determine the amount of economic damages to be ordered as restitution, because that statute provides that the court shall enter a judgment for restitution "in a specific amount that equals the full amount of the victim's economic damages *as determined by the court.*" ORS 137.106(1)(a) (emphasis added). Because the trial court had to evaluate the amount

of economic damages to award in his case, defendant then reasons that the court had to consider the victim's role in the accident because the victim "could have caused a portion of the claimed economic harm."

Based on those contentions, we understand defendant to be primarily arguing that the trial court had to consider the victim's comparative fault as part of the causation analysis that the trial court was required to conduct. We reject that argument for the reason that comparative fault is not considered in civil law as part of the causation analysis; the question of apportioning fault arises only after causation is established. *See Lasley*, 351 Or at 5 (holding that evidence of joint tortfeasor's intoxication was not relevant to whether defendant's negligence was a cause of decedent's death but was relevant to the apportionment of fault); *Sandford v. Chev. Div. Gen. Motors*, 292 Or 590, 601, 642 P2d 624 (1982) (rejecting argument that comparative fault means "comparative causation" because there must be a finding that the tortfeasor caused the injury "before a question of apportionment of fault arises"). As explained in *Lasley*, "[w]hen a defendant's negligence is a factual cause of harm to the plaintiff, the defendant is subject to liability to the plaintiff as long as the harm that the plaintiff suffered was a reasonably foreseeable result of the defendant's negligence." 351 Or at 7 (citing *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 17, 734 P2d 1326 (1987)). In *Ramos*, 358 Or at 594-96, the Supreme Court determined that that concept of causation, as articulated in *Fazzolari*, applies to restitution under ORS 137.106—a causation concept that does not incorporate comparative fault.

To the extent that defendant could be understood to argue that the trial court was required to consider the victim's comparative fault to determine the amount of economic damages it could award, as a consideration separate from causation, we also reject that argument. Under the comparative-fault scheme, the trier of fact determines the amount of damages to which the claimant is entitled, calculated under the assumption that the claimant is not at fault, and the percentage of fault attributable to each person whose fault is to be determined under ORS 31.600. ORS 31.605. The trial court is then directed to award damages

to the claimant in an amount that is in accordance with those percentages, ORS 31.610(2), which can be an award of less than the claimant's total damages as determined by the trier of fact, if the trier of fact also has attributed a percentage of fault to the claimant.

In contrast, the plain text of the restitution statute provides that the trial court shall award restitution "in a specific amount that equals the *full amount* of the victim's economic damages as determined by the court." ORS 137.106(1)(a) (emphasis added). As used in that sentence, the victim's economic damages are those that are caused by the defendant's criminal activity. *See id.* ("[w]hen a person is convicted of a crime * * * that has resulted in economic damages," the state shall present evidence of the damages and, "[i]f the court finds from the evidence presented that a victim suffered economic damages, * * * the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court"). Thus, the trial court is tasked with making a factual determination as to the "full amount" of the victim's economic damages that were caused by the defendant's criminal activity. In addition, ORS 137.106(1)(a), read in conjunction with ORS 137.106(1)(b), makes clear that the court is permitted to award "less than the full amount of the victim's economic damages *only if*" the victim consents to the lesser amount. ORS 137.106(1)(b) (emphasis added). ORS 137.106 expressly forecloses the court from engaging in the type of apportionment of damages that comparative fault contemplates—*viz.*, an apportionment that occurs only after the trier of fact determines the claimant's total damages caused by the tortfeasors—because, subject only to the victim's consent, the trial court is not permitted to award less than the full amount of the victim's economic damages that it determines was caused by the defendant's criminal activity.

The trial court did not err in refusing to reduce the amount of the restitution award based on the comparative fault of the victim, and we affirm.

Affirmed.